(LOCAL LAW.)

## Ross and Morrison v. Reed.

Where the plaintiff in ejectment claimed title to lands in the state of Tennessee, under a grant from said state, dated the 26th of April, 1809, founded on an entry made in the entry taker's office, of Washington county, dated the 2d of January, 1779, in the name of J. M'Dowell, on which a warrant issued on the 17th of May, 1779, to the plaintiff, as the assignee of J. M'Dowell, and the defendants claimed under a grant from the state of North Carolina, dated the

1816.

Ross and
Morrison
v.
Reed.

9th of August, 1787, it was determined that the prior *entry* might be attached to a junior *grant* so as to overreach an *elder* grant, and that a survey having been made, and a grant issued upon M'Dowell's entry, in the name of the plaintiff, calling him assigneee of M'Dowell was *prima facie* evidence that the entry was the plaintiff's property; and that a warrant is sufficiently certain to be sustained, if the *objects called for* are identified by the testimony, or unless the *calls* would equally well suit more than one place.

ERROR to the circuit court for the district of East Tennessee.

The defendant in error, who was plaintiff in the court below, claimed title under a grant from the state of Tennessee, bearing date the 26th day of April, 1809, founded on an entry made in the entry taker's office of Washington county, No. 975, dated on the 2d day of January, 1779, in the name of John M'Dowell, for 500 acres of land, on which a warrant issued on the 17th day of May, 1779. The defendants in the court below, now plaintiffs in error, claim under a grant from the state of North Carolina to John Henderson, dated the 9th of August, 1787, and a deed of conveyance from John Henderson to the defendant, Ross, duly executed and registered. Morrison held as tenant under Ross.

At the trial of the cause, a bill of exceptions was taken by the defendants, in which was stated a transcript taken from the book procured from the office of the secretary of state of the United States, which contains reports of the lands entered in Sullivan and Washington counties; also a copy of the warrant issued to John M'Dowell for 500 acres of land, both of which are certified by the clerk to the commissioner of East Tennessee. Also the grants under

1816.

Ross and
Morrison
v.
Reed.

which each party claims, the deed of conveyance from Henderson to Ross, together with the *viva voce* testimony of the witnesses produced. It then proceeds to state " that the defendants contended, 1st, That having the eldest grant, the plaintiff could not recover, unless he had shown a prior entry, which the law would consider special for the place now claimed, and produced satisfactory evidence that the right was vested in him. That as no proof had been given that Reed had ever purchased or paid any consideration for M'Dowell's entry, he could not, in virtue of that entry, entitle himself to a verdict. That the mere statement in the survey and grant that Reed was assignee of M'Dowell, was no evidence whatever of that fact. 2d. That if such proof had been given, still he could not recover, because the proof shows that the objects called for in the entry existed at two places, some distance from each other; and, therefore, the entry was ambiguous and doubtful. But the court charged and instructed the jury that the circumstance of a survey having been made, and a grant issued upon M'Dowell's entry, in the name of Reed, calling him assignee of M'Dowell, was *prima facie* evidence that the entry was the property of Reed. And that it was true if the calls in an entry would equally well suit more than one place, it would not be considered special for either place; but it was for the jury to determine, from the evidence, whether the place spoken of on the *south* side of Holston would as well suit the calls of the entry as the one on the *north* side; and that, except for James King's testimony, he had hardly

ever heard an entry better established than the one now under consideration."

There was a verdict and judgment in favour of the plaintiff, and the cause was brought up to this court by writ of error.

TODD, J., delivered the opinion of the court.

It is now objected by the plaintiffs in error, that the transcript first mentioned contains nothing but a naked designation of number, date, person's name, and number of acres, but no description of the land whatever; not even specifying the *county* where situate.

To this objection it may be answered, that it is a fact, which will appear from the reports of cases decided in the courts of Tennessee, that the books containing entries for land in the counties of Sullivan and Washington have been lost or destroyed. It is also a fact that the original of the transcript under consideration was directed, by a statute of Tennessee, to be procured and deposited in the commissioner's office; and copies therefrom, certified by the clerk, are declared to be evidence in the courts of that state; but a conclusive answer is furnished by an examination of the bill of exceptions: it was not objected to in the court below.

The same answers may also be given to the objection taken to the copy of the warrant.

Under the laws of North Carolina for appropriating the vacant lands, an entry is made with the entry taker before a warrant issues: the warrant describes

the land specified in the entry: the special or loca-
tive calls for appropriation of the land can be seen·
and examined as well from·a view of the warrant as
from the entry. In consequence of various frauds
respecting warrants, they were by law to be submit-
ted to a board of commissioners, and if decided to
be valid, the original was deposited with the com-
missioner, and copies, certified by the clerk, were to
be received in evidence. The copy of the warrant,
in this case, corresponds with these regulations, and
was properly received, nor was it objected to in the
court below.

The practice in the courts of Tennessee, of attach-
ing a prior entry to a junior grant, to overreach an
elder grant in an action of ejectment, was brought
into the view of, and recognized by, this court, in the
case of Polk v. Hill et al.; it is, therefore, not now
to be departed from.

The location in this case, upon the face of the
warrant, appears to be sufficiently certain to be
sustained, if the objects called for are identified by
the testimony, or unless the calls would equally
well suit more than one place. These were ques-
tions properly submitted to the jury; there was,
therefore, no error in the charge and instruction
given on this point. Nor was there error in the re-
sidue of the instruction. It is a general principle to
presume that public officers act correctly until the
contrary be shown. It must, therefore, be presumed
that the officer, when he surveyed M'Dowell's entry,
in Reed's name, had sufficient evidence produced to

satisfy him that Reed was the owner of it, and this presumption is increased by the act of another officer in issuing the grant; these circumstances furnished *prima facie* evidence, at least, that he was the owner.

Judgment affirmed.