6 549
d113 195

## George W. Page *v.* L. F. Generes.

The recordation of an attachment, in the office of recorder of mortgages, is useless. Parties are bound to take notice of judicial proceedings; and the proper place to look for them is, among the records of the court in which such proceedings are conducted.

It is not a valid return, on an attachment, for the sheriff to say, that he has seized according to law. He must take charge, and keep possession of, the property attached. Under a garnishment, nothing is seized but what is disclosed by the answers of the garnishees, where those answers have not been traversed.

A judgment obtained against an absent defendant, who is brought into court merely by an attachment upon his property, is one purely *in rem,* and has no effect, except upon the property attached.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *Stewart* and *Josephs,* for plaintiff. *St. Paul* and *Bouny,* for defendant. The judgment of the court (*Slidell,* J., declining to sit in the cause, having been of counsel,) was pronounced by

ROST, J. The defendant, claiming to be a judgment creditor of *James Schaumburg,* caused a house and lot in the possession of the plaintiff to be seized as the property of his debtor. This seizure was made in April, 1850. The plaintiff presented a petition, making opposition to the sale, on the ground that he had acquired said property in good faith, and for a valuable consideration which he had paid, from *James W. Schaumburg,* on the 1st April, 1837; that he has been in open, peaceable and uninterrupted possession for more than ten years, under a just title; that the judgment of *Génères* against *Schaumburg* having been rendered in an attachment suit, has none of the attributes of a judgment *in personam;* and does not authorize the seizure of property not attached.

The answer contains a plea to the general issue, and a special denial of the plaintiff's title to the lot seized. The district judge was of opinion, that the judgment did not authorize the seizure; and, on that ground, he enjoined the sale of the property. The defendant has appealed from the judgment. The facts material to a proper understanding of the case, are the following: On the 22d November, 1837, about eight months after the sale from *Schaumburg* to *Page,* *Génères* sued out a writ of attachment against *Schaumburg's* property; caused *Frederic Beckman* and *Charles Schaumburg* to be cited as garnishees, and propounded interrogatories to them.

The return of the sheriff on the writ, is as follows: " Served a copy of petition and citation on *Frederic Beckman,* garnishee; and attached in his hands, the goods and chattels, lands and tenements, monies, effects or property of any kind, which he might now or hereafter have in his possession, belonging to the defendant, to an amount sufficient to satisfy this writ; and also caused a copy of this writ to be recorded in the office of the recorder of mortgages, as a lien upon all the real estate of the defendant, &c.; and executed this writ, in all things, as the law directs. No other property found."

This return shows that no specific property was attached, except what might be disclosed by the answers of the garnishees. Those answers were, that, as individuals, they had no rights, credits, property or effects of *Schaumburg* in their possession, or under their control; that, as executors of the will of his father, *Barthélemy Schaumburg,* they had already paid him more than his share of the proceeds of the property administered; that there is still under their control, as executors, some claims and property belonging to the succession; that the claims are very doubtful, and may never be worth much; that the property consists of eight small lots, at Nacogdoches; and that the share of *James W. Schaumburg,* in the succession of his father, is one-fifth.

*Génères,* considering this return insufficient for the protection of his claim, gave a new bond, took out an *alias* attachment, and caused *M. W. Hoffman, Esq.,* to be cited as garnishee. The return of the sheriff, on the second writ, was, " that he had attached in the hands of *Mr. Hoffman,* the goods and chattels, and so forth, which he might have in his possession, or under his control, belonging to the defendant; that he has executed the writ, in all things, as the law directs, and found no other property."

*Mr. Hoffman,* in answer to the interrogatories propounded to him, stated that he was empowered as the special agent and attorney at law of *James W. Schaumburg,* to represent him at the meeting of the creditors of the late *Thomas*

*C. Cash*, on a note held by the said *Schaumburg* for $1180, drawn by *Cash* and *Spencer* and *Gloyd, in solido*, to the order of said *Cash*, and secured by mortgage on two lots of ground situated in faubourg Annunciation.

None of the answers of the garnishees were traversed by *Génêrès*. We must, therefore, consider them as true, and that the garnishees had nothing in their possession or under their control belonging to *James W. Schaumburg*, beyond the property and claims which their answers disclose. After the filing of those answers, the court, on the application of *Génêrès*, appointed an attorney to represent the absent defendant; and the plaintiff having proved his claim, judgment was rendered in his favor for $3269 90, with costs of suit and privilege on the property attached.

The grounds upon which the defendant, in this case, expects to maintain his seizure, are : 1st. That the title from *James W. Schaumburg* to the plaintiff, never having been recorded in the conveyance office, is without effect against him. 2d. That he has a lien and privilege on all the property of *Schaumburg*, by reason of the service of the attachment, of the return thereon, and of the recording of it in the office of the recorder of mortgages. 3d. That he recorded his judgment in due time, and has a judicial mortgage on the property seized.

The recording of the writ of attachment in the office of mortgages was useless, and added nothing to its force. Parties are bound to take notice of judicial proceedings; and the proper places to look for them are, the offices of the courts in which they are carried on.

The question as to the requisites for a valid return in cases of attachment, was fully considered in the case of *Stockton* v. *Downey*, 6th Ann. We there held, that in cases in which there is no garnishment, the actual seizure of the property of the debtor is alone the basis of the attachment. That it is not a valid return of the sheriff to say, that he attached according to law; that he must take charge and keep possession of the property attached, and make his return in writing, describing the property and stating the manner in which he has executed the writ ;' and that the return ought to be certain, to every intent, according to a reasonable intendment and construction.

Under the principle of that decision, it is clear that, in cases of garnishment, no property can be considered as covered by the sheriff's return, except that which is disclosed by the answers of the garnishees. The property seized, in this case, had been sold by the debtor, and was in the possession of the defendant long before the attachment issued. The garnishees do not mention it in their answers as belonging to *Schaumburg*, or as being in any manner under their control. It was, therefore, not attached ; and the privilege given to the creditor, by the judgment, does not extend to it.

The claim, under the judicial mortgage, resulting from the recording of the judgment, might be dismissed, with the single remark, that the defendant has not proceeded by the hypothecary action, and that he has no right to seize mortgaged property in the hands of a third person, as he has attempted to do. But it is proper to observe, that under the authority of *Broughton* v. *King*, 2d Ann. 570, the judgment in this case was purely *in rem*, and had no existence beyond the property of *James W. Schaumburg*, described in the answers of the garnishees.

The judgment is therefore affirmed, with costs.