WILLIAM EZELLE *et al. v.* ALBERT SIMPSON,

1. ATTACHMENT: WRIT OF, HOW RETURNED EXECUTED. — A writ of attachment is required to be executed in the same manner as original summons from the Circuit Court; in his return upon a writ of attachment, the sheriff is required to state the manner in which he executed the same.

2. GARNISHMENT: HOW EXECUTED: NO PROCESS OF, REQUIRED WHEN WRIT OF ATTACHMENT ISSUED. — When a writ of attachment is sued out, no process is required against a garnishee; but the sheriff, on suggestion, is required to summon him, and in his return he must note the manner in which he summoned the garnishee to appear and answer.

ERROR to the Circuit Court of Lowndes county. Hon. H. W. Foote, judge.

*Orr & Matthews* for plaintiffs in error.

No counsel for defendant in error.

SHACKELFORD, C. J., delivered the opinion of the court.

This was a suit commenced by the issuance of an attachment against William Ezelle in the Circuit Court of Lowndes county. Joseph W. Field was summoned as garnishee.

Below the signature of the justice who issued the attachment writ, is the following statement:

"I suggest that Joseph W. Field is indebted to the defendant, or has effects of his in his hands or possession. — Feb. 14, 1861.

"ALBERT SIMPSON."

And "Garnishee, J. W. Field," with no signature attached, showing whether it was an order of the justice, or Albert Simpson, the plaintiff.

The sheriff made and entered the following return upon the writ of attachment:

"Executed on J. W. Field, as garnishee, and the defendant also. — Feb. 15, 1861."

A complaint was filed at the next term of the court against Ezelle; and at the April Term, 1866, a judgment, by default, was rendered against Ezelle, and the garnishee, J. W. Field.

The case is brought into this court by writ of error to reverse these judgments.

There are two assignments of error, to the effect, that the judgments against Ezelle, the defendant in the attachment, and the garnishee, Field, are void, for want of proper service upon either party; and that, "in fact, no summons was ever issued against the garnishee."

The execution of the process against the defendant, Ezelle, is clearly defective and insufficient.

The sheriff failed to show in what manner he executed the order of summons in the attachment writ; the return, "Executed on the defendant also," must have reference to the summons, as he did not attach his property, and if he had done so, he failed to show that he did so according to the requirements of art. 7, p. 374 of Rev. Code.

As an execution of the summons, it was not in accordance with art. 64 of Revised Code, p. 489. This court has held, that the manner pointed out in art. 64, for the execution of process, applies to summons in attachment writs. *Crizer & Wife* v. *Gorren*, 41 Miss. p. 563.

The return of service on the garnishee, Field, is insufficient.

*No process is required to be issued against a garnishee in this kind of case,* but the sheriff is required, on suggestion that a party is indebted to the defendant in attachment, or has goods, effects, etc., in his hands, to summon him as garnishee, to appear at the court to which the attachment is returnable, there to answer on oath what he is indebted to the defendant, in attachment, at the time of the service, etc., in accordance with art. 4, p. 373, Revised Code.

The sheriff failed to make his return sufficient, in stating "Executed upon Joseph W. Field, as garnishee," having neglected to state the manner in which he executed the attachment and summons, required under art. 4, just referred to.

Such executions of process as in the case before us this court has repeatedly held to be insufficient. *Jeffries* v. *Harvie*, 38 Miss.; *Alexander Roy, garnishee, etc.,* v. *Heard & Simmons,* ib. 544; and *Crizer et ux.* v. *Gorren,* 41 Miss. p. 563.

For the insufficient returns in this case, the judgment against the plaintiff in error, Ezelle, and the garnishee, Field, must be reversed, and the cause remanded for further proceedings.