## SARAH TUCKER, Admr'x, *v.* LOUISA BYARS.

1. ATTACHMENT MUST BE DULY EXECUTED TO WARRANT JUDGMENT BY DEFAULT — LEVY ON LAND MUST BE AS DIRECTED BY STATUTE.— A return of service of a writ of attachment, which does not conform to the requirements of law, will not authorize a judgment by default. The directions of the statute, as to the manner of executing a writ of attachment by a levy on land which is occupied, must be complied with.

2. ATTACHMENT TO BE EXECUTED ON DEFENDANT IN THE SAME MANNER AS OTHER ORIGINAL PROCESS.— Where an attachment is executed by summoning the defendant, it should be served as other original process.

3. A CONSTABLE HAS NO AUTHORITY TO RETURN ATTACHMENT TO THE CIRCUIT COURT.— A constable who executes an attachment has no power to make return of it to the circuit court, but is required to deliver it to the sheriff who is to make due return of it, and the circuit court does not obtain jurisdiction of the case of an attachment returned to it by a constable.

4. UNLAWFUL TO LEVY ATTACHMENT ON LAND AFTER SEIZURE OF SUFFICIENT PERSONALTY.— It is a violation of law to levy an attachment on land, after a levy of ample personalty to pay the debt.

ERROR to the circuit court of Madison county. CAMPBELL, J.

*B. J. Semmes,* for plaintiff in error.

1. Insisted that the return of a service of process in the court below was insufficient, and cited Crozier et ux. v. Gorren, 41 Miss. 564 ; Foster et al. v. Simmons, 40 ib. 585.

2. That the return was made by a " constable " instead of by the " sheriff," which was illegal, and cited Laws of 1860, Session Acts, p. 203.

3. The return showed a levy on personal property, valued at $1,500 ; that eight hundred bushels of corn, two bales of cotton and four mules were taken by the sheriff, and a judgment of condemnation rendered against the land without any previous disposition of the personalty. Referring to Doe ex dem. Shelton v. Hamilton, 23 Miss. 496 ; Wade et al. v. Hall et al., 41 ib. 248. In the latter case it was held a levy of execution on personal property was *prima facie* evidence of satisfaction. " Land shall not be levied on if sufficient personal property be found or surrendered by the debtor." Rev. Code, p. 527, art. 271, § 19. Yet the

judgment of condemnation is against both the land and the personalty.

TARBELL, J. :

In 1865, Louisa Byars sued out an attachment against the property of Wm. Tucker, the writ being returnable to the circuit court, and was executed and returned by a constable. The return shows that a levy was made upon real estate of the defendant, presumptively occupied by him, eight hundred bushels of corn, valued at $800, two bales seed cotton valued at $300, four mules valued at $400 ; Nov. 1, 1865. Judgment by default was taken against the defendant on the above return at the September term of the circuit court of Madison county, October 19, 1866, for $610 and costs, with award of execution against both the real and personal property seized by the constable upon the writ. A writ of error was prayed for and allowed, April 1, 1870. Counsel for both parties appear in this court. It is assigned for error, that the return of service of the amount of attachment was insufficient; that the return should have been made by the sheriff, and the return by the constable is as no return ; that personal property sufficient to satisfy the debt was siezed and the levy upon land was illegal ; and, because the judgment condemned the land without showing any disposition of the personalty.

The return of the constable begins : " I this day proceeded to the premises of William Tucker, the within-named William Tucker ; I have this day levied the within attachment on the following property of the defendant, to wit," following which the property seized is specified, and is stated to have been, "in the presence of Henry T. Uzzle, 1st day of November, 1865, and then and there summoned the said William Tucker to appear at the next March term of the circuit court to answer this writ." The return is signed by " W. H. Hamblen, constable."

There is no entry of the date of the receipt of the writ, as required by art. 63, Code, 489. The return does not state

that the officer went "to the house or land of the defendant, or to the person or house of the person, in whose possession the same" was found to be, "and then and there" declared that he attached "the same, at the suit of the plaintiff in the writ named," the land being presumptively occupied. Art. 7, Code, 374. The return does not show what disposition was made of the personal property attached. Art. 7, Code, 375. In this instance the writ of attachment was an original process (art. 61, Code, 488), while it should have been "served personally on the defendant, if to be found, and a true copy thereof delivered to him" (art. 64, Code, 489); or, if the defendant was not to be found, then the process should have been served as directed in said art. 64, in such cases. The constable says he "summoned" the defendant, but does not state in what manner, and in other respects omits a "full return of his proceedings upon the attachment." Art. 7, Code, 375. Some of these errors are fatal. Crozier v. Gorren, 41 Miss. 564.

By a law approved February 8, 1860, it was enacted, "that in all cases where any constable shall levy an attachment, returnable to the circuit court, it shall be his duty to deliver said attachment, with his return thereon, and the property levied upon thereby, to the sheriff of his county, who shall make due return of said writ, and be accountable for said property, as in other cases." We are not aware of the repeal of this statute. If in force, as we must suppose it was, at the time of the service and return of this writ, the circuit court did not obtain jurisdiction of the case, and, consequently, the prejudgment was unauthorized.

Having attached personal property valued at more than double the debt claimed, the levy upon the real estate of the defendant was in violation of the positive prohibition of the Code, art. 271, p. 527.

For manifest errors, the judgment in this case is reversed and the cause remanded.