Dodge v. Butler.

HERWICK C. DODGE v. CLARENCE W. BUTLER.

1. The return of a constable to an attachment that, on a day named, he attached the goods and chattels mentioned in an inventory and appraisement annexed, he returning with the writ an inventory and appraisement properly signed, is sufficient, in the absence of proof showing the omission of any essential statutory requirement in its execution.

2. The justice cannot, in defendant's absence, try the cause, unless first satisfied, by due proof, that advertisements have been set up, as required by the statute.

3. But, from his entry in the docket that such advertisements were, in fact, put up, it will be presumed that the certificate was made upon proper proof.

On *certiorari* to review proceedings in attachment in a court for the trial of small causes, before Nehemiah O. Pillsbury, Esq., a justice of the peace of Essex county.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the plaintiff, *S. C. Mount.*

For the defendant, *J. W. Taylor.*

The opinion of the court was delivered by

KNAPP, J. Judgment was rendered against the plaintiff in a court for the trial of small causes, in a suit begun by attachment against him as an absconding debtor. Two principal reasons are urged as ground for setting aside the judgment. The first is that the writ of attachment was not executed and returned, as the statute requires; the second, that the certificate of the justice fails to show that proof of advertisement of issuing the writ was made before him.

The return made to the writ by the constable to whom it was delivered for service, shows a substantial execution of it. It does not therein affirmatively appear that, in its execution, all the requirements of the statute were observed by him, but this will, upon the return made to this writ, in the absence of other proof, be presumed, in virtue of the common legal intendment in favor of the due execution of process. *Thompson* v. *Eastburn,* 1 *Harr.* 100; *Boyd* v. *King,* 7 *Vroom* 134.

What does appear by the return is that the constable, on a day named therein, attached the goods and chattels appearing in a true inventory thereof, annexed to the writ, and that the said goods and chattels were appraised by himself and H. G., a discreet and impartial freeholder. To the writ was annexed an inventory of the goods and chattels, and an appraisement thereof, signed by the constable and appraiser. The statute is silent as to the return to be made to the writ by the officer executing it, but, in the language of the court in the case last cited, "it has been repeatedly held, in this court, that the sheriff's certificate couched, in general terms, that he has duly served the writ, accompanied by an inventory and appraisement, is, standing alone and uncontradicted, a valid service."

It is not shown that any essential act was omitted by the officer, and, presumptively, there was none; therefore, the first reason for reversal is without foundation to support it.

The second ground for reversal is that the justice does not certify that the fact of advertisements being put up by the plaintiff was determined by him *upon due proof thereof.*

In *Lentz* v. *Callin*, 2 *Dutcher* 218, an attachment proceeding had in a court for the trial of small causes, was set aside for the reason, among others, that it did not appear, by the transcript of the justice's docket, that there was any proof of the advertisement of the attachment. So, in the case of *Conover* v. *Conover*, 2 *Harr.* 187, a like proceeding was reversed, one of the grounds of reversal being that the justice merely certified that "he was satisfied with the putting up of the advertisements," and proceeded thereon to give judgment. The court held that it should further appear that he reached that belief upon proof. It might have been, for aught that appeared, upon mere hearsay or conjecture, that he became so satisfied. It is essential that advertisement shall be made as required by the statute, to entitle the justice to try the cause in the absence of the defendant, and the docket should show an adjudication by him upon the fact of giving notice by the plaintiff. Doubtless, the better form of entry to be observed by the justice, and the one usually chosen, is that following the words of the statute; but I should be very reluctant to set aside these proceedings for what seems to me to be nothing more than a mere departure from accustomed form. The transcript in this case shows that the justice considered and adjudicated upon the essential fact of advertisement; the entry has in it nothing of the objectionable uncertainty that was found by the court in Conover v. Conover, above referred to. The transcript states that, "immediately after the attachment in the above case, advertisements, signed by Clarence W. Butler, the plaintiff, were put up by John C. Doremus, Jr., constable, in three of the most public places in said township." The certificate here made is that they were, in fact, put up, and it could only have been made upon clear proof

of it. It must, I think, be inferred that he had such proof before him.

In my opinion, for anything in the reasons to the contrary, the judgment should be affirmed.