## COUNTY COMMISSIONERS OF PUEBLO COUNTY V. MARSHALL ET AL.

1. The fact that the coroner, in drawing a certificate of $100 for the attendance of two physicians employed by him to conduct an inquest, based his allowance upon an estimate of $50 to each, is not conclusive against a joint employment, and proceedings against the county may be maintained on such certificate by the physicians jointly.

2. The coroner is a public officer, charged with the duty of holding inquests, and is clothed with general powers for that purpose, among which is the power to summon physicians to make scientific examination of the body, when the jury shall deem such examination requisite.

3. It is not required of the person summoned by the coroner to make a *post-mortem* examination to see if the jury deem it requisite. He has a right to rely upon the official act of the coroner.

*Appeal from District Court of Pueblo County.*

THE appellee, Dr. Marshall, was present at the inquest over the body of Healey. While at the inquest the coroner requested him to call some other physician to his assistance and make a *post-mortem* examination. In compliance with this request he called to his assistance the appellee, Dr. Black; and the two together, in the presence of the coroner, made the examination. Thereupon the coroner gave to them, and they accepted, the following certificate:

"STATE OF COLORADO, *County of Pueblo — ss.:* This is to certify that Drs. G. L. Marshall and J. A. Black are entitled to fees for attendance in making a *post-mortem* before the coroner's inquest holden in the city of Pueblo, state and county aforesaid, upon the body of Daniel Healey, by request of jurors, on the 6th day of March, A. D. 1884.

"Attendance, $100.

"Mileage, ————.              C. F. TAYLOR, [SEAL]

"Total fees, $100.        Coroner of Pueblo County."

Thereafter the appellees presented to the county commissioners the said certificate, accompanied by their verified bill, as follows:

"PUEBLO, COLORADO, April 4, 1884.

"*Pueblo County, Colorado, to G. L. Marshall and J. A. Black,* Dr.

"1884, March 5. To *post-mortem* examination of the body of Daniel Healey, for the purpose of ascertaining the cause for the coroner's jury, occupying afternoon of March 5, 1884, $100.

"STATE OF COLORADO, *County of Pueblo — ss.:* We, G. L. Marshall and J. A. Black, do solemnly swear that the above account is just and true, and that no part thereof has been paid.        G. L. MARSHALL, M. D.

"JNO. A. BLACK, M. D.

"Subscribed and sworn to before me this 12th day of April, A. D. 1884.

"DAN B. GREGG, Notary Public.    [SEAL.]"

On the 7th of April, 1884, the account was passed upon by the board of county commissioners, and was approved by them to the amount of $20 only.    From this action of the board the appellees appealed to the district court, where they obtained judgment for the full amount of $100.    From this judgment the county commissioners appealed to the supreme court.

Mr. JOHN W. SLEEPER, for appellants.

Messrs. PITKIN and RICHMOND, for appellees.

PER CURIAM.    We do not think the objection that the appellees could not maintain a joint action for the services rendered by them at the *post-mortem* examination is well taken.    It is sufficiently evident that the parties to the employment treated it as a joint employment, and there was nothing in the character of the services rendered which prevented them from so considering and treating it.    The coroner allowed them jointly $100, and the fact that this joint allowance was based by him on an estimate of $50 to each is not conclusive against a joint employment.    We think it would be extremely technical to reverse the judgment of the court below upon this ground, and compel the parties to relitigate the subject-matter of this suit in two separate actions.

One of the objections to the sufficiency of the evidence questions the validity of the claim of appellees against the county, upon the ground that the evidence fails to show that the jury, upon the inquest, deemed it requisite to summon physicians to make an examination; and in support of this objection appellants urge that, under the provisions of section 629, General Statutes, the power of the coroner to bind the county for the services of physi-

cians summoned by him to make a scientific examination of the body upon which an inquest is being held is limited to cases where the jury shall deem it requisite so to do; and that, it not appearing from the evidence affirmatively that the jury took any action under said section, no authority is shown for summoning appellees, and therefore no valid claim is show by either of them against the county. We do not think the objection is well taken. The coroner is a public officer, charged with the duty of holding inquests, and is clothed with general powers for that purpose; among which is the power to summon physicians to make scientific examination of the body, when the jury shall deem such examination requisite. It is the duty of the person so summoned to obey the summons, and it is not required of the person so summoned to make an investigation to see if the jury deem it requisite to make such an examination. He has a right to rely upon the official act of the coroner. "It is a general principle to presume that public officers act correctly until the contrary be shown." *Ross v. Reed*, 1 Wheat. 482–486; *United States v. Weed*, 5 Wall. 62–72; *Lessee of Ward v. Barrows*, 2 Ohio St. 241–246; *Bank v. Dennis*, 37 Ill. 381–386.

The foregoing are all the assignments that need be noticed. The judgment of the court below is affirmed.

*Affirmed.*