[Filed April 21, 1890.]

## JOHN HALL, GUARDIAN, APPELLANT, *v.* G. H. STEVENSON ET AL., RESPONDENTS.

WRIT OF ATTACHMENT—RETURN—INSUFFICIENT.—A sheriff's return upon a writ of attachment is insufficient which fails to show that a defendant to whom a certified copy of such writ was delivered, was an occupant of the premises sought to be attached, and which failed to show that there was no occupant of said premises, and that a certified copy of the writ posted on the front of defendant's dwelling-house, was posted in a conspicuous place on said premises.

ATTACHMENT—SEPARATE TRACTS.—Several separate and distinct tracts of land cannot be attached by posting a certified copy of the writ in a conspicuous place on one only of such tracts.

REMOVAL OF CAUSE—ATTACHMENT—RETURN—AMENDMENT.—Where a sheriff made a defective return on a writ of attachment and the cause was then regularly removed into the circuit court of the United States for the district of Oregon, the State court had no jurisdiction or authority to permit the sheriff to amend his return to said writ. When the cause was removed, the jurisdiction of the State court over it ceased.

MORTGAGE—JUDGMENT LIEN—ORDER IN WHICH LAND TO BE SOLD AND PROCEEDS APPLIED.—Where plaintiff had a first lien by mortgage on the lands of S. and S. G., and C. & W. had a lien by judgment on the lands of S. only; *held,* that the lands of S. & G. should be first sold and the proceeds applied on plaintiff's mortgage, and that S.'s land should then be sold and the proceeds applied to pay anything remaining due on plaintiff's mortgage, and the balance, or so much as might be necessary, be applied to the payment of C. & W.'s judgment, and the residue, if any, be deposited in court for whoever may appear to be entitled to same; and so much of said decree as allowed the sheriff to amend his return on the writ of attachment, must be reversed.

APPEAL from Douglas county: R. S. BEAN, judge.

The plaintiff sues as guardian of Charles and Henry Bingham, and the object of the suit is to foreclose a mortgage made by G. H. Stevenson and wife and F. M. Gabbert and wife, on October 4, 1886, and made to secure the payment of a promissory note for $2,313.21, and $125 as reasonable attorney fees.

The defendants Christy & Wise are alleged to have some interest in the mortgaged premises subsequent and subject to the plaintiff's mortgage. The defendants Christy & Wise deny that their claim is subsequent or subject to plaintiff's mortgage and allege that they commenced an action in the circuit court of the State of Oregon for Douglas county against G. H. Stevenson and others, partners doing business under the name of the Grange Business Association of Douglas county, Oregon, to recover the

sum of $7,736.80, with attorney fees, interest and costs; that an attachment was duly issued and executed by the sheriff on the fourth day of October, 1886, at 1:30 o'clock P. M., by attaching all the right, title and interest of the defendant G. H. Stevenson in the real property described in the complaint; that said writ was duly returned into court by the sheriff with a certificate of all his doings endorsed thereon; that by said attachment Christy & Wise acquired and now have a valid lien upon defendant Stevenson's interest in said lands; that thereafter said cause was duly removed from the State court to the circuit court of the United States for the district of Oregon; that on the seventeenth day of November, 1887, Christy & Wise recovered a judgment against the defendant Stevenson and others for $6,565.88, $500 attorney's fees, and $518.97 costs, and that said attached property be sold to satisfy said judgment; that on the nineteenth day of November, 1887, this judgment was duly docketed in said circuit court of the United States. There are some other matters alleged in the answer not necessary to be noticed here.

The reply denied the new matter in the answer.

The circuit court heard the cause and took the same under advisement at the May term, 1889, of said court, and the decree was filed with the clerk and entered on the seventeenth day of July, 1889.

The appellant has appealed from certain parts only of said decree, namely, from that part of said decree allowing the sheriff of Douglas county to amend his return on the writ of attachment; from so much of it as directs the order in which the mortgaged premises should be sold, and from so much of it as decides that Christy & Wise's attachment is prior to the plaintiff's mortgage. The other facts are stated in the opinion.

*S. B. Linthicum,* for Respondents, Christy & Wise.

*J. W. Hamilton* and *W. R. Willis,* for Appellant.

STRAHAN, J., delivered the opinion of the court.

There are two tracts of land involved in this suit. First, a tract containing 1,553 87.100 acres; second, a tract containing 680 acres. The defendant Stevenson owned an equal undivided one-half of each of these tracts, and Mr. F. M. Gabbert owned the remaining moiety. There is still another tract of about 500 acres described in the complaint which was owned mainly by the defendant Stevenson, though he seems to imply from his evidence that one Lydia Dascomb owned a small undivided interest therein, but that he had bargained for it in some way, the particulars of which do not appear.

The mortgage sought to be foreclosed was executed some time about two or three o'clock P. M. on the fourth day of October, 1886, and after the attachment papers were delivered to the defendant Stevenson. He received these papers from the sheriff in the lane in the southern part of the town of Roseburg. The mortgaged premises were situated about thirteen miles from this point. The individual land of Stevenson joins the 1,500-acre tract owned in common with Gabbert, and the distance between the 640-acre tract and the 1,500-acre tract is about one-fourth of a mile.

The sheriff by his return on the writ of attachment certifies as follows: "And I further certify that I did, on the said fourth day of October, 1886, by virtue of said annexed writ of attachment above described, attach the following described real property of George Stevenson, one of the defendants named in said annexed writ of attachment, subject to the former attachment of Koshland Bros., hereinbefore mentioned. I did, in pursuance of said annexed writ of attachment, on the said fourth day of October, 1886, at 8:30 A. M. of said day, attach the following described real property by delivering to said George Stevenson in person a copy of the annexed writ of attachment, duly certified to by me as sheriff aforesaid, and thereafter, to wit, at 1:30 o'clock P. M. of said fourth day

of October, 1886, I duly posted a copy of said annexed writ of attachment, duly certified to by me as sheriff, upon the front of the dwelling-house of said George Stevenson, within said county and State, as no person could be found at the place of residence of said defendant George Stevenson of suitable age and discretion with whom to leave said copy of said writ of attachment, as aforesaid."

No other fact appears in the return showing the manner of service. On the ninth day of October, 1886, the sheriff made out a certificate certifying, in effect, that he had attached all the real property described in the complaint as the property of the defendant Geo. H. Stevenson, which certificate was filed with the county clerk on that day and by him recorded.

The only questions we deem necessary to consider are whether the return was sufficient to show the property in controversy had been attached; or, if the same be deemed insufficient, whether the attempted amendment thereof in this case can be sustained.

1. Section 149, Hill's Code, provides: "The sheriff to whom the writ is directed and delivered shall execute the same without delay as follows: 1. Real property shall be attached, by leaving with the occupant thereof, or if there be no occupant, in a conspicuous place thereon, a copy of the writ certified by the sheriff."

The return of the sheriff fails to show that George H. Stevenson was an occupant of the premises sought to be attached, and it does not appear that the copy of the writ was posted in a conspicuous place on said premises. The sheriff returns that it was posted "upon the front of the dwelling-house of said Geo. H. Stevenson within said county and State," but it does not appear that said dwelling-house was the property sought to be attached or that the front of said dwelling-house was "a conspicuous place."

The sufficiency of a return much like this came before the circuit court of the United States for this State in *Mickey* v. *Stratton,* 5 Saw. 475, and was held insufficient. The learned and distinguished judge of said court, after

citing *Trullinger* v. *Todd,* 5 Or. 39, said: "Now the analogy
between these cases and the one at bar is complete.   The
service of an attachment, in case of real property, is
required to be made by leaving a copy of the writ with the
occupant thereof, but if there be no occupant, then, and in
that case only, by leaving a copy in a conspicuous place
thereon.   The law is framed on the reasonable assump-
tion that the occupant represents the absent owner, and
therefore it requires the service to be made upon him; and
no substituted service, by leaving a copy of the writ on the
premises, is permissible unless there is no one in the occu
pation of the premises upon whom service can be made,
and that fact appears from the return, or else the service
upon its face is unauthorized and invalid.   Further, the
return must state what was done, and the presumption
that an officer has done his duty is not sufficient to supply
a material fact or circumstance which does not appear in his
return.   For the law having made it his duty to endorse his
proceedings under the writ thereon, the presumption that
he did his duty applies as well to the making of the return
as the service of the writ, and therefore there is no room
to presume that he did his duty in making the service
more fully or otherwise, than he has stated in his return."

If this is the correct construction of the statute, and
there is no reason to doubt it, it is decisive of this question.
But there are other authorities to the same effect.   *Bryan*
v. *Trout,* 90 Penn. St. 492; *Page* v. *Generes,* 6 La. Ann. 549;
*Ezelle* v. *Simpson,* 42 Miss. 515; *Tucker* v. *Byars,* 46 Miss. 549.

It was also argued that if the court should be of the
opinion that this return was sufficient to make a valid
attachment of Stevenson's individual land, it was not good
as to those tracts in which he owned only an undivided
interest and particularly the tract that did not join the
others. or have any connection whatever therewith, and
this contention of the appellant I think would have to be
sustained, but its consideration is unnecessary,  Several
separate and distinct parcels of land could not be attached

by posting up a copy of the writ on one only of them. *Henry* v. *Mitchell*, 32 Mo. 512.

The sheriff's return was therefore insufficient to show that the lands in controversy had been attached at the suit of Christy & Wise.

2.   The remaining question is, was such return amendable and were the proper proceedings taken in the court below to amend the same? If the cause in which the defective return was made had not been removed into the circuit court of the United States for the District of Oregon, and the rights of other parties had not intervened, then, if the facts existed which would have enabled the sheriff to make a good return on the writ of attachment, the court might have permitted him to do so.   But by what authority did the circuit court of Douglas county proceed to amend a process in a cause which had been lawfully removed into the Federal courts?

"If the record discloses a removable cause, and the other conditions have been complied with, the jurisdiction of the State court ceases, and that of the Federal court attaches without any further proceedings and for all subsequent purposes."   Dillon's Removal of Causes, § 77*b*.

The power of the State court had, therefore, ceased over the case of *Christy & Wise* v. *G. H. Stevenson et al.* long before this attempted amendment of this return in that case, and the court had no power whatever over said cause or any process issued therein.   After the removal it belonged to the Federal court to exercise the power of amendment if it thought proper to do so to the same extent and as fully as if said cause had been originally commenced in that court.   .

This view of the subject renders it unnecessary to discuss the question whether as against these plaintiffs the return was amendable, and whether or not the order of amendment could be made in this case; but I think proper to add that the mode of procuring an amendment of process or return is generally to proceed upon notice in the cause where such defect occurs.

3.   One other question remains to be considered, and that is the order in which the mortgaged premises shall be sold.   Christy & Wise have a judgment which, so far as appears, is a second lien on Stevenson's land and upon the undivided half of the tracts which he holds as tenant in common with Gabbert, and they have no lien on Gabbert's interest therein.   In such case it is equitable that the lands upon which Christy & Wise have no lien should be first sold, and the proceeds arising therefrom be applied to the payment of the plaintiff's mortgage, interest and costs, and the residue of the proceeds of Stevenson's interest, if any, be applied upon the judgment of Christy & Wise, and that the remainder of said real estate be also sold, and the proceeds be applied—first, to the payment of any balance that may be due the plaintiff on said mortgage, if any, and the residue to the payment of the judgment of Christy & Wise, mentioned in the pleadings, and the remainder, if any, be deposited in the circuit court of Douglas county to be paid out to whoever may be entitled to receive the same, and that the mortgage described in the complaint be foreclosed, etc.

The decree of the court below will be modified as herein indicated.