## NEW RIVER MINERAL CO. v. ROANOKE COAL & COKE CO.

(Circuit Court of Appeals, Fourth Circuit. July 6, 1901.)

### No. 399.

1. APPEAL—QUESTIONS REVIEWABLE—RULING ON MOTION FOR NEW TRIAL.

It is the settled rule of the federal courts that the action of a trial court in granting or refusing a new trial is not reviewable.

2. PROCESS—EVIDENCE OF RETURN—PRESUMPTION.

Where an action was commenced under Code Va. 1887, § 3211, as amended by Acts 1895-96, p. 140, by notice of a motion for judgment, which the statute requires to be returned within five days after service, the question whether return was made within that time is one of fact, which may be determined upon evidence, although the date of the return is not indorsed on the notice, the mode of return not being prescribed; and where it is shown that the return was in fact made, and the cause duly docketed, the presumption is that the sheriff complied with the law, and made the return within the prescribed time.

In Error to the Circuit Court of the United States for the Western District of Virginia.

This case comes up by writ of error to the circuit court of the United States for the Western district of Virginia. Under the law prevailing in Virginia (section 3211, Code 1887), amended by act of assembly (Acts 1895-96, p. 140), any person entitled to recover money by action on any contract may, on motion before any court which would have jurisdiction in an action otherwise than under section 3215, obtain judgment for such money after 15 days' notice, which notice shall be returned to the clerk's office of such court within 5 days after the service of the same, and after such 15 days' notice the motion shall be docketed. This is a summary mode of obtaining trial; the notice playing the part both of the writ and declaration. The notice must be accompanied by a copy of the cause of action. Pursuing this mode of relief, the Roanoke Coal & Coke Company, defendant in error here, issued a written notice to the New River Mineral Company, plaintiff in error here, that on the first day of the next term of the court of Wythe county, Va., being 13th February, 1899, it would move for judgment against it for the sum of $5,665.31, with interest as stated in said notice. A copy of the account was annexed to the notice. It was dated 10th January, 1899, and there is indorsed upon it a certificate of the sheriff of Wythe county, dated 12th January, 1900, that it was served on an agent of defendant 12th January, 1900. On the same day, 10th January, 1900, a

writ of attachment was issued out of the clerk's office of Wythe county, at the suit of the Roanoke Coal & Coke Company, attaching a large amount of property of the last-named company, and served by the same sheriff, who made due return thereof on the same 12th January, 1900. Upon filing the proper petition and bond, this cause was removed into the circuit court of the United States for the Western district of Virginia. As soon as the cause was docketed in this court, the defendant below moved the court to dismiss the cause, because the record does not show that the notice was returned to the clerk's office of the circuit court of Wythe county five days before the February term, 1899. Thereupon, the court ordered that the clerk of the court of said county do forthwith certify to the court when said notice was returned to his office in relation to said return. The clerk in answer to that order, and as to the time of filing the notice in the Roanoke Coal & Coke Company against the New River Mineral Company, says: "That he is unable to state anything positive, except that he sees, on looking at the papers, this indorsement: 'Tax, $6.20, paid. Filed in clerk's office of Wythe circuit court January 16, 1899.' While this indorsement only seems to be on the levy made by the sheriff, and the notice and attachment not attached to the same, I think said indorsement was made for the filing of said notice and attachment on that date." The court refused the motion. The answer was filed, issue joined, and verdict had before a jury for plaintiff. The defendant moved for a new trial, which was refused. Judgment was entered on the verdict, leave was given to defendant to get a writ of error, and the cause is here on the assignments of error. These are two in number: (1) Because the court erred in refusing to quash and dismiss the notice, because the same had not been returned to the clerk's office of the circuit court of Wythe county, as provided by section 3211 of the Code of Virginia, as amended by acts of assembly of 1895–96. (2) Because the court did not grant a new trial.

M. M. Caldwell and W. S. Poage (Walker, Poage & Caldwell and Blair & Blair, on the briefs), for plaintiff in error.

John R. Johnson and Archer A. Phlegar, for defendant in error.

Before 'SIMONTON, Circuit Judge, and MORRIS and BOYD, District Judges.

SIMONTON, Circuit Judge (after stating the facts as above). The well-settled rule of this court is that the action of the circuit court in refusing or granting a new trial is not reviewable. The rule is so well settled, and has been declared so often by this court, that no citation of authority is necessary.

The only question in the case is that raised by the first assignment of error: Was the notice issued under the Virginia statutes returned by the sheriff within the time required by law? This being a mode of suit, the creation of statute, the statute must be followed strictly. The statute does not prescribe the mode of the return by the sheriff. Whether he returned it is a fact to be ascertained. There is no doubt that the notice and the return got into the clerk's office, for the cause was duly filed and docketed by the clerk. · Did it get there within the five days after service? It was served on 12th January, 1900. On the bundle of papers, including this notice, with the return indorsed, the clerk had put: "Tax, $6.20, paid. Filed," etc., "January 16, 1899." This tax is levied upon the sum sued for in the cause, and is ascertained upon examination of the bill of particulars. In this case it was levied upon the $5,665.31, sued for in the notice. The strong, almost conclusive, inference of fact is that this notice, with its bill of particulars, was at that date, in the clerk's

office, filed within the five days. If with this we take the presumption of law that the sheriff did his duty, the contrary not appearing (Ross v. Read, 1 Wheat. 486, 4 L. Ed. 141; Gonzales v. Ross, 120 U. S. 605, 7 Sup. Ct. 705, 30 L. Ed. 801), the conclusion must follow that the court below did not err in refusing the motion to quash. "The presumption of law, until the contrary is proved, is that the officer has performed his duty (1 Greenl. Ev. § 40; Freem. Ex'ns, § 355; O'Bannon v. Saunders, 24 Grat. 138; Hartwell v. Root, 19 Johns. 345, 10 Am. Dec. 232; Maury v. Cooper, 3 J. J. Marsh. 224; and Egery v. Buchanan, 5 Cal. 53), and it is, therefore, to be presumed, in the absence of evidence to the contrary, that the return on the execution in this cause, being without date, was made while the sheriff had the right to make it, and in due time." Rowe's Adm'r v. Hardy's Adm'r, 97 Va. 678, 34 S. E. 625.

The judgment of the circuit court is affirmed.