### GRIFFIN v. AMERICAN GOLD MIN. CO.

(Circuit Court of Appeals, Ninth Circuit. February 27, 1905.)

#### No. 1,111.

ATTACHMENT—RETURN—SUFFICIENCY.

Where a marshal's return on an attachment merely recited that, "in obedience to the annexed writ of attachment, I have attached the following described property, to wit," etc., and did not specify the acts or steps taken in levying the writ, it would be presumed, in support of the levy, that as to the real property the marshal attached the same by leaving a copy with the occupant thereof, or, if there was no occupant, by leaving in a conspicuous place thereon, and with respect to the personal property, that such as was not capable of manual delivery was attached by leaving

a copy of the writ with the person in possession of the same, as required by Code Civ. Proc. Or. §§ 149, 151, in force in Alaska at the time of the levy.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, §§ 1166, 1167.]

In Error to the District Court of the United States for the First Division of the District of Alaska.

R. F. Lewis, E. S. Pillsbury, and Pillsbury, Madison & Sutro, for plaintiff in error.

Malony & Cobb, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This action was commenced by the plaintiff in error in the District Court of the United States for the District of Alaska on November 20, 1893, to recover from the defendant in error the sum of $25,000, with interest, on a contract for the conveyance of a mining claim. On February 18, 1901, judgment was rendered against the plaintiff in error. On writ of error to this court the judgment was reversed (Griffin v. American Gold Mining Co., 123 Fed. 283, 59 C. C. A. 301), and the cause was remanded for further proceedings not inconsistent with the opinion of the court. In pursuance of the mandate the District Court proceeded with the cause. Findings of fact and conclusions of law were made and filed, and judgment for the plaintiff in error was entered on March 31, 1904.

It appears from the record that on the 20th day of November, 1893, at the time of the issuance of a summons in the action, a writ of attachment was issued, and on the 24th day of November, 1893, there was recorded by the recorder for the District of Alaska, in the records of the Juneau recording district, the return of the marshal showing that certain property had been attached. It is provided by section 309 of the Code of Civil Procedure of Oregon (Bellinger & C. Comp.) that, "if judgment be recovered by the plaintiff, and it shall appear that the property has been attached in the action and has not been sold as perishable property, or discharged from the attachment as provided by law, the court shall order and adjudge the property to be sold to satisfy the plaintiff's demands." At the time this action was commenced the laws of Oregon were in force in Alaska, under the provisions of section 7 of the act of Congress of May 17, 1884, c. 53 (23 Stat. 24), and the same provision has been continued under section 147 of the Code of Civil Procedure of Alaska (31 Stat. 356). The judgment entered in the District Court contained no provision for the sale of the attached property, as required by the statute. To correct this omission, the plaintiff in error, on June 13, 1904, gave notice to the defendant in error of a motion to amend the judgment by adding thereto a clause that the property attached be sold to satisfy plaintiff's demands. This motion the court denied upon the ground that the marshal's return to the writ of attachment failed to set out the particular acts performed by him in levying the attachment, the court holding that the attachment was void by reason of such omission. The Code of Civil Procedure of

Oregon in force at that time in Alaska had the following provision relating to attachments:

"Sec. 149. The sheriff to whom the writ is directed and delivered shall execute the same without delay, as follows: (1) Real property shall be attached, by leaving with the occupant thereof, or if there be no occupant, in a conspicuous place thereon, a copy of the writ certified by the sheriff; (2) personal property capable of manual delivery to the sheriff, and not in the possession of a third person, shall be attached by taking it into his custody; (3) other personal property shall be attached, by leaving a certified copy of the writ, and a notice specifying the property attached, with the person having the possession of the same, or if it be a debt, then with the debtor, or if it be rights or shares in the stock of an association or corporation, or interest or profits thereon, then with such person or officer of such association or corporation as this code authorizes a summons to be served upon."

"Sec. 151. If real property be attached, the sheriff shall make a certificate containing the title of the cause, the names of the parties, a description of such real property, and a statement that the same has been attached at the suit of the plaintiff, and the date thereof. Within ten days from the date of the attachment, the sheriff shall deliver such certificate to the county clerk of the county in which such real property is situated, who shall file the same in his office, and record it in a book to be kept for that purpose. When such certificate is so filed for record, the lien in favor of the plaintiff shall attach to the real property described in the certificate from the date of the attachment, but if filed afterwards, it shall only attach, as against third persons, from the date of such subsequent filing. Whenever such lien shall be discharged, it shall be the duty of the county clerk, when requested, to record the transcript of any order, entry of satisfaction of judgment, or other proceeding of record, whereby it appears that such lien has been discharged, in the book mentioned in this section. The clerk shall also enter on the margin of the page on which the certificate is recorded a minute of the discharge, and the page and book where recorded."

The return of the marshal to the writ of attachment was as follows: "In obedience to the annexed writ of attachment, I have attached the following described property, to wit." It was objected to this return that, with respect to the real property sought to be attached, it did not show that the marshal had attached the same by leaving with the occupant thereof, or, if there was no occupant, by leaving in a conspicuous place thereon, a copy of the writ certified to by the marshal, and, with respect to the personal property, that the return did not show that such of it as was capable of manual delivery, and not in the possession of a third person, had been taken into custody, and that the other property had been attached by leaving a certified copy of the writ and a notice specifying the property attached with the person having the possession of the same. It is contended by the plaintiff in error that the presumption of law is that the marshal performed his official duty, and that his official acts were regular, and that this presumption is sufficient to support the validity of the attachment, in the absence of anything in the writ itself or in the return tending to overcome this presumption, or anything in the record tending to show that the proceedings were irregular. The court below, in holding the attachment void, relied upon the case of Hall v. Stevenson, 19 Or. 153, 23 Pac. 887, 20 Am. St. Rep. 803. In that case there were two tracts of land involved in a suit for the foreclosure of a mortgage. The same land was involved in an attachment suit, and the question was, which had the prior lien, the mortgage or the attachment? The writ of attachment was deliv-

ered by the sheriff to the defendant on October 4, 1886, at 8:30 a. m. The mortgage was executed between 2 and 3 o'clock of the same day. The court, in its opinion, on page 155, recites the facts relating to the service of the attachment, as follows:

"He [the defendant Stevenson] received these papers from the sheriff in the lane in the southern part of the town of Roseburg. The mortgaged premises were situated about thirteen miles from this point. The individual land of Stevenson joins the 1,500-acre tract owned in common with Gabbert, and the distance between the 640–acre tract and the 1,500-acre tract is about one-fourth of a mile."

The sheriff, by his return on the writ of attachment, certified as follows:

"And I further certify that I did, on the said 4th day of October, 1886, by virtue of said annexed writ of attachment above described, attach the following described real property of George Stevenson, one of the defendants named in said annexed writ of attachment, subject to the former attachment of Koshland Bros., hereinbefore mentioned. I did, in pursuance of said annexed writ of attachment, on the said 4th day of October, 1886, at 8:30 a. m. of said day, attach the following described real property by delivering to said George Stevenson in person a copy of the annexed writ of attachment, duly certified to by me as sheriff aforesaid, and thereafter, to wit, at 1:30 o'clock p. m. of said 4th day of October, 1886, I duly posted a copy of said annexed writ of attachment, duly certified to by me as sheriff, upon the front of the dwelling house of said George Stevenson, within said county and state, as no person could be found at the place of residence of said defendant George Stevenson of suitable age and discretion with whom to leave said copy of said writ of attachment, as aforesaid."

No other facts appeared in the return showing the manner of the service of the attachment. But enough appeared to overcome the presumption that the statute had been complied with in such service. The two tracts of land claimed to be subject to the attachment lien were distant from each other about one-quarter of a mile. The court, referring to this fact, says:

"Several separate and distinct parcels of land could not be attached by posting up a copy of the writ on one only of them."

With respect to the defective return, the court says:

"The return of the sheriff fails to show that George H. Stevenson was an occupant of the premises sought to be attached, and it does not appear that the copy of the writ was posted in a conspicuous place on said premises. The sheriff returns that it was posted 'upon the front of the dwelling house of said Geo. H. Stevenson within said county and state,' but it does not appear that said dwelling house was the property sought to be attached, or that the front of said dwelling house was 'a conspicuous place.'"

The court then refers to the case of Mickey v. Stratton, 5 Sawy. 475, Fed. Cas. No. 9,530, as an authority for the insufficiency of such return. In this last case the attachment also referred to two pieces of property, and the returns show what the sheriff did in the execution of the writ, which was that with respect to one piece of property a copy of the writ was posted on the building, and with respect to the other a copy was posted on the block. In the opinion of the court "the return is radically defective because it does not appear therefrom that the premises were unoccupied at the time of this alleged service by leaving a copy of the writ upon the premises, and, unless they were, the sheriff

had no authority to make such service." The court had previously said, "Neither does it appear from the return that the copy left upon the premises was posted in a conspicuous place." The facts stated in the return in this case were also sufficient to overcome the presumption that the officer had performed his duty in the service of the writ, and that his official acts were regular; and the court well says:

"The presumption that he did his duty applies as well to the making of the return as to the service of the writ, and therefore there is no room to presume that he did his duty in making the service more fully or otherwise than he has stated in his return."

The cases of Sharp v. Baird, 43 Cal. 579, Watt v. Wright, 66 Cal. 206, 5 Pac. 91, and Brusie v. Gates, 80 Cal. 462, 22 Pac. 284, involved the question of a sufficient return based upon a similar statute of the state of California; but in those cases there was enough stated in the return to overcome the presumption that the service had been made in accordance with the statute, and the service was held to be insufficient. These cases are based upon the rule that, where the record states what steps were taken in the performance of an official act, it will not be presumed that others were taken, when to do so would tend to contradict the record. In other words, it is a general principle to presume that public officers act correctly, in accordance with the law and their instructions, until the contrary appears. Ross v. Reed, 1 Wheat. 482, 484, 4 L. Ed. 141; Gonzales v. Ross, 120 U. S. 605, 622, 7 Sup. Ct. 705, 30 L. Ed. 801. In the present case there is nothing stated in the return, nor is there any fact before the court, tending to show that the marshal failed in any particular to do his duty in serving the attachment, or that his official acts were in any respect irregular. The presumption therefore arises that the writ of attachment was served in accordance with the requirements of the statute, and that the writ was valid.

In Dodge v. Butler, 42 N. J. Law, 370, the court said:

"The return made to the writ by the constable to whom it was delivered for service shows a substantial execution of it. It does not therein affirmatively appear that in its execution all the requirements of the statute were observed by him, but this will, upon the return made to this writ, in the absence of other proof, be presumed, in virtue of the common legal intendment in favor of the due execution of process. * * * It is not shown that any essential act was omitted by the officer, and, presumptively, there was none."

In Anderson v. Sutton, 2 Duv. (Ky.) 480, the court said:

"The next objection urged against the judgment by appellant worthy of notice is that the sheriff who executed the orders for the attachment failed to state in his returns that he executed them on the real estate by leaving with the occupant thereof a copy of said orders, or that there was no occupant, and he posted up copies of them in a conspicuous place on said real property. He stated in his return that he had levied the attachments on the property of the appellant, and gave a particular description of the property so levied upon. Nothing appearing to the contrary, the law presumes he performed his duty and complied with the requirements of the law, and his return must therefore be regarded as sufficient in the absence of countervailing evidence."

There is no claim made that the attachment proceedings were in fact irregular. For more than 10 years since the return of the writ the de-

fendant has made no objection to the attachment proceedings. It has been open to it during all this time to move to quash the writ on the ground that the marshal had not made a valid service, but it has taken no such action. Under the circumstances it would be manifestly unjust to deny to the return of the marshal the presumption of regularity accorded to official acts.

The order of the District Court denying plaintiff's motion to amend the judgment is reversed, with instructions to allow the amendment adding thereto a clause ordering that the property attached in the action be sold to satisfy the plaintiff's demands.