# ATLANTIC REFINING CO. v. UNITED STATES.

## No. H–520.

Court of Claims.

Nov. 3, 1930.

A. S. Lisenby, of Washington, D. C. (Weill, Wolff, Satterlee & Blakely, of Washington, D. C., on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (D. Louis Bergeron, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

The plaintiff is correct in its contention that the credit was allowed on October 30, 1923, Revolution Cotton Mills v. United States, 41 F.(2d) 898, decided by this court June 16, 1930, but this does not entitle it to recover unless the Commissioner was wrong in his decision that plaintiff was liable for interest on the unpaid original tax for 1920 against which the credit was taken. We think the Commissioner correctly held that plaintiff was liable for interest under section 250(e) of the Revenue Act of 1918, 40 Stat. 1082, and section 250(e) of the Revenue Act of 1921, 42 Stat. 266, on the original tax returned and assessed for 1920 against which claims for credit were filed. Subdivision (a) of section 250 of the 1918 act provided for the payment of the tax in four installments and fixed the date on which each installment was due and should be paid. Subdivision (e) of that section provided, with certain exceptions not material here, that "if any tax remains unpaid after the date when it is due, and for ten days after notice and demand by the collector, * * * there shall be added as part of the tax the sum of 5 per centum on the amount due but unpaid, plus interest at the rate of 1 per centum per month upon such amount from the time it became due"; and further provided that "as to any such amount which is the subject of a bona fide claim for abatement the 5 per centum shall not be added and the interest from the time the amount was due until the claim is decided shall be at the rate of ½ of 1 per centum per month; that in the case of the first installment provided in subdivision (a) of this section the instructions printed on the return shall be sufficient notice of the date when the tax is due and sufficient demand." Subdivision (e) of section 250 of the 1921 act contained similar provisions, and the further

provision that: "In the case of each subsequent installment the collector may, within thirty days and not later than ten days before the installment becomes due, mail to the taxpayer notice of the amount of the installment and the date on which it is due for payment." Subdivision (h) made the provisions of section 250(e) of the Revenue Act of 1921 applicable to taxes assessed under the Revenue Acts of 1917 and 1918.

We have held in Andrews Steel Company v. United States, 42 F.(2d) 573, that, where an overpayment for 1917 was credited against the first installment of the tax for 1919, the taxpayer was liable for interest on the installment from the date it became due, and the Commissioner correctly offset such interest against the interest provided in section 1324 of the Revenue Act of 1921 upon the amount credited. The reason for so holding was that demand had been made for the tax and it was not paid when it became due. The rule announced in the Andrews Steel Company Case applies here and prevents the recovery of the additional interest claimed. In this case plaintiff made a return for 1920 and the tax shown thereon was assessed. It claimed an overpayment for 1917 and filed two claims asking that the alleged overpayment for 1917 be credited against the first and second installments of the tax due for 1920. The effect of article 1035, Regulation 62, was to relieve the taxpayer from the necessity of immediate payment of tax against which credit was asked until the claim was decided, but the regulation put the taxpayer upon notice that in such a case he would not be relieved from the payment of interest at the rate of ½ of 1 per cent. a month, which was a lower rate of interest than that provided in the statute for failure to pay a tax when due and was the rate of interest provided by the statute when a bona fide claim for abatement was filed. We think this regulation was a reasonable one. The plaintiff does not attack it.

It does not specifically appear that the collector of internal revenue gave plaintiff notice of the amount of the second and subsequent installments of the 1920 tax and the date on which they were due for payment, but, if such notice were necessary in view of the regulations, article 1035, it would be incumbent upon the plaintiff to establish the fact relative thereto. In the absence of proof, it will be presumed that the collector performed his duty. Ross and Morrison v. Reed, 1 Wheat. 482, 4 L. Ed. 141; Rankin v. Hoyt, 4 How. 335, 11 L. Ed. 996; Gonzales

v. Ross, 120 U. S. 605, 7 S. Ct. 705, 30 L. Ed. 801; Nofire v. United States, 164 U. S. 657, 17 S. Ct. 212, 41 L. Ed. 588; United States v. Royer, 268 U. S. 398, 45 S. Ct. 519, 69 L. Ed. 1011.

We are of opinion that plaintiff was liable for interest upon the 1920 tax against which the credit was taken at the rate of at least ½ of 1 per cent. a month, as charged by the defendant. The defendant allowed and paid interest on the credit from a date six months after the filing of the claim to December 15, 1921, the latter date being the date on which the last installment of the 1920 tax became due. It does not specifically appear against which installment, or installments, the overpayment was credited but, since the plaintiff was liable for interest on the 1920 tax against this credit, it has no right to complain because the defendant computed and paid interest on the credit to the due date of the last installment for 1920.

The plaintiff does not controvert the proposition that it was liable under the statute for interest on the unpaid tax for 1920. It insists that the positive provisions of section 1324 of the Revenue Act of 1921 require the government to pay interest upon a credit to the date of the allowance thereof and contends that it is entitled to recover the additional interest because this was not done. Its position would seem to be that the government should have paid interest on the credit to the date of allowance, and, if the plaintiff was liable for interest on the 1920 tax, the government should have required it to pay the same. We think such a procedure was unnecessary since the interest for which the plaintiff was liable after the due date of the 1920 tax exactly equaled the interest for which the government was liable on the credit after that date. Andrews Steel Co. v. United States, supra.

The petition must be dismissed, and it is so ordered.

WHALEY, Judge, did not hear this case and took no part in the decision thereof.