*625 OPINION.
Littleton:
Sections 322 and 323 of the TJ. S. Revised Statutes, section 1301(a) of the Revenue Act of 1918, and section 1 of the Urgent Deficiency Appropriation Act, October 6, 1911, 40 Stat. 348, provide for the appointment of deputy commissioners and an assistant to the Commissioner of Internal Revenue. These provide that the deputy commissioner shall act as Commissioner of Internal Revenue in case of the absence of that officer. Like duties were prescribed for the assistant to the Commissioner. Section 1 of the Act of October 6, 1917, 40 Stat. 348, provides that—
The Commissioner of Internal Revenue is authorized to assign to Deputy Commissioners such duties as he may prescribe, and the Secretary of the Treasury may designate any one of them to act as Commissioner of Internal Revenue during the Commissioner’s absence.
Nothing appears in the record of this proceeding to indicate that the placing of the signature of the Commissioner of Internal Revenue approving .the consents extending the statute of limitation was not a valid act. See Wilcox v. Jackson, 13 Peters 498; Chicago, Milwaukee & St. Paul Railway Co. of Idaho v. United States, 244 U. S. 351; Commonwealth v. Slifer, 25 Pa. St. 23; 64 Am. Dec. 630; Hartwell v. Root, 19 Johns. (N. Y.) 345.
The consents were delivered to the Commissioner and they have at all times since remained in his official files and the evidence shows that from December 28, 1923, to the date of the mailing of the deficiency notices the Commissioner and the petitioners have recognized that valid consents were on file with the Commissioner. Conferences between the petitioners and the Commissioner concerning the petitioners’ tax liability for the taxable period involved were held from time to time and apparently both relied upon the fact that the written consents were effective. The several letters very clearly show that the Commissioner’s office considered the consents as valid. This fact was stated in every letter that was mailed to the petitioners including the Commissioner’s final notice to the petitioners of his determination under the statute.
The Commissioner is presumed to discharge his official duties in a proper and legal manner and such presumption is not overcome by the mere showing that the signature of the Commissioner upon the consent is not in his personal handwriting. It is a general prin *626 ciple to presume that public officials act correctly, in accordance with the law and their instructions, until the contrary appears. Griffin v. American Gold Mining Co., 136 Fed. 69, 73, citing Ross v. Reed, 1 Wheat. 482, 484, and Gonzales v. Ross, 120 U. S. 605, 622.
In Erhardt v. Ballin, 150 Fed. 529, the Circuit Court of Appeals said:
In order to overcome the presumption that a collector of customs in selecting a merchant appraiser of imported merchandise under Section 2930, Rev. St., made a proper appointment, it is not enough to create a mere uncertainty. It must be clearly shown that the appointee did not meet the statutory requirement of being “familiar with the character and value of the goods in question.”
In Nofire v. United States, 164 U. S. 657, cited and approved in United States v. Royer, 268 U. S. 398, the court said:
The fact that an official marriage license was issued carries with it a presumption that all statutory prerequisites thereto had been complied with. This is the general rule in respect to official action, and one who claims that any such prerequisite did not exist must affirmatively show the fact. Bank of the United States v. Dandridge, 12 Wheat. 64, 70; Rankin v. Hoyt, 4 How. 327; Butler v. Maples, 9 Wall. 766; Weyauwega v. Ayling, 99 U. S. 112; Gonzales v. Ross, 120 U. S. 605; Callaghan v. Myers, 128 U. S. 617; Keyser v. Hitz, 133 U. S. 138; Know County v. Ninth National Bank, 147 U. S. 91, 97.
In Rankin v. Hoyt, 4 How. 335, the court said:
In saying that the appraisers had no right to act without the previous request of the collector, and that no such request appears in the evidence, nothing is stated beyond the truth. But, in the absence of testimony to the contrary, the legal presumption is, that the appraisers and collector both did their duty, he requesting their action, as by law he might, and they complying.
Besides this, it is conceded that he adopted their doings and such a subsequent ratification of them is undoubtedly tantamount to having requested them.
Even if it could be assumed, from the mere showing that the consents were not personally signed by the Commissioner of Internal Revenue, that they did not then become effective so as to suspend the running of the statute, the record is sufficient to show that the Commissioner’s office considered the consents valid and that the Commissioner himself, even if he had not done so before, ratified and approved that which had been done when he made his final determination of the deficiencies and mailed notices thereof to the petitioners.
The Board is of the opinion that the claim of the petitioners that the consents were void and of no effect is not well taken.
Petitioners further claim that assessment and collection of any tax from the Ohio Company was barred on July 1, 1921, because of failure of the Commissioner to discover any additional tax within three years after the time the return was due and that assessment and collection of any tax from the Thacker Company was barred on September 1, 1921, for the same reason. There has been no *627 showing that the Commissioner did not discover the understatement of income within three years after the returns were due. Furthermore, the Board has held that section 1106 of the Revenue Act of 1926 is not retroactive and, also, that the taxpayer and the Commissioner may enter into a valid consent for the assessment and collection of a tax after the expiration of the statute of limitation. Joy Floral Co., 7 B. T. A. 800. Section 250(d) of the Revenue Act of 1921 provides that the amount of income, excess-profits, or war-profits taxes due under any return made “ under prior income, excess-profits, or war-profits tax Acts, or under section 38 * * * shall be determined and assessed within five years after the return was filed, unless both the Commissioner and the taxpayer consent in writing to a later determination, assessment, and collection of the tax.” The evidence shows that consents for a later determination and assessment of the tax were entered into before the expiration of the five-year period prescribed in the Revenue Act of 1921. The claim of the petitioners that the tax is barred upon this ground is denied.
It is next argued on behalf of the petitioner that in any event the right of the Commissioner to make assessment of the 1917 tax terminated under the several consents on March 15, 1925. The first joint consent of January 16, 1923, extended the period for assessment and collection until April 1, 1924. The second consents of January 8, 1924, extended the period for assessment and collection to March 15, 1925. Thereafter, on November 24, 1924, the Ohio Company and the Thacker Company entered into consents with the Commissioner for a further extension of the statutory period of limitation. These consents providéd that—
This waiver is in effect from the date it is signed by the taxpayer and will remain in effect for a period of one year after the expiration of the statutory period of limitation within which assessments of tax may be made for the year or years mentioned or the statutory period of limitations as extended by section 277 (b) of the Revenue Act of 1924 or by any waivers already on file with the Bureau.
The Commissioner’s determinations were made in August and September, 1925. The appeal was filed with this Board on October 7, 1925. All before the expiration of the period agreed upon.
We think these consents operate to extend the period within which the Commissioner might make his determination in respect of the tax for 1917 to March 15, 1926, a period of one year after the expiration of the time agreed upon in the consents then on file with the Commissioner.
Finally, it is insisted on behalf of the petitioners that even though the consents of November 24, 1924, served to extend the limitation to March 15, 1926, there is no provision in the Revenue Act of 1926 *628 that would operate to further extend the period beyond that date notwithstanding on March 15, 1926, a proper and valid appeal was and has since been pending before the Board. The substance of the petitioners’ claim is that section 277 (b) of the Revenue Act of 1926 providing for the suspension of the limitation period, does not apply to a case in which a deficiency notice was mailed prior to the enactment of the Revenue Act of 1926.
Section 283 (b) of the Revenue Act of 1926 provides:
If before the enactment of this Act any person has appealed to the Board of Tax Appeals under subdivision (a) of section 274 of the Revenue Act of 1924 (if such appeal relates to a tax imposed by Title II of such Act or to so much of an income, war-profits, or excess-profits tax imposed by any of the prior Acts enumerated in subdivision (a) of this section as was not assessed before June 3, 1924), and the appeal is pending before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal. In all such cases the powers, duties, rights, and privileges of the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and of the courts, shall be determined, and the computation of the tax shall be made, in the same manner as provided in subdivision (a) of this section, * * *.
Section 283(a) of the 1926 Act provides that if after the enactment of the Act the Commissioner makes a determination under any prior revenue act, he is authorized to send by registered mail to the person liable for such tax notice of the amount proposed to be assessed, which notice shall be considered a notice under subdivision (a) of section 274 of this Act, and that “ in the case of any such determination the amount * * * shall, except as provided in subdivision (d) of this section, be computed as if this Act had not been enacted, * *
Section 274(a) of the 1926 Act provides for the mailing of the deficiency letter. It further provides that no assessment, except in jeopardy cases, shall be made until the decision of the Board has become final in all cases where appeals have been taken to the Board.
Section 277 (b) of the 1926 Act provides that the statute of limitations “ shall (after the mailing of a notice under subdivision (a) of section 274) be suspended for the period during which the Commissioner is prohibited from making the assessment, * *
Considering together the several provisions of the 1926 Act, the Board is of the opinion that since an appeal was pending at the time of the enactment of the 1926 Act, and the limitation period as extended by waivers had not then expired, the limitation period is suspended during the pendency of the cáse before the Board whose decision had been asked prior to the enactment of the 1926 Act and the right to have which was preserved and secured to both parties by section 283(b) of the Act, which specifically confers jurisdiction on *629 the Board of such appeals. In the opinion of the Board, “ the mailing of a notice under subdivision (a) of section 274 ” of the 1926 Act is not a condition precedent to the continued suspension of the running of the statutory period of limitation or the period of limitation specified in the mutual consent of the parties, where a deficiency notice has been mailed (as in the instant case) and an appeal has been taken therefrom and is pending before the Board at the time of the enactment of the 1926 Act.
It is the opinion of the Board that these provisions of the 1926 Act operate to continue the suspension of the limitation period until after the decision of the Board has become final.
As indicating what Congress intended, it is stated in the report of the Conference Committee on the Revenue Act of 1926 at page 48, as follows:
Section 277(b) of the bill as agreed to in conference provides for the suspension of the running of the statute of limitation on assessments and collections during the time when the hands of the Commissioner are tied, not only in the cases of tax imposed by this title, but also (by reason of the provisions of section 283) in the cases of taxes under prior Acts, whether a deficiency letter under the 1924 Act has been sent out or not.
As further indicated on the same page of the conference report, section 283(1) of the 1926 Act was an additional provision relating to the suspension of the limitation period.
The deficiencies are not barred and the plea of the statute of limitation is denied.
The proceeding will be restored to the calendar for hearing on the merits in due course.
Reviewed by the Board.

Order will be entered accordingly.