Graham, Judge,
delivered the opinion of the court:
This is a suit brought by Mary S. Aldridge, executrix of the will of William O. Aldridge, deceased, to secure a refund of $20,911.71, on account of a duplication in the income tax for the year 1918 paid by said William O. Aldridge. The latter died prior to December 16, 1920, and on that date plaintiff qualified as executrix in the Chancery Court of Washington County, Miss. William O. Aldridge was at the time of hijs death a citizen and resident of the State of Mississippi.
On April 17, 1919, William O. Aldridge filed his income-tax return f,or the year-1918, which showed a tax due thereon *429 of $36,655.50, and between April 17 and December 2,1919, he paid said amount.
Upon a review and reaudit of the return, the Commissioner of Internal Revenue determined that the decedent was liable for an additional tax for the year 1918 in the sum of $13,491.38, and on February 5, 1924, addressed a letter to decedent to this effect and requested, in the event he should desire to appeal, that he sign and return the form of waiver inclosed therewith agreeing to an extension of time of one jear beyond the statutory period of limitation within which the additional tax might be assessed in order to avoid immediate assessment. In response to this letter Mary S. Aldridge, as executrix, -wrote to the commissioner inclosing the waiver dated February 11, 1924. It does not appear that it was ever returned or that any exception was taken to it until the 6th of June, 1925.
On February 9, 1924, prior to the receipt of the waiver, the executrix filed a claim for refund in the sum of $4,611.65 “ or such greater amount as i(s legally refundable ” of decedent’s income tax for 1918. In March, 1924, an additional assessment of $13,491.38 was made by the commissioner against William O. Aldridge. On March 28, 1924, plaintiff filed a second and substituted claim for refund of the said sum of $4,611.65 and the abatement of $13,491.38, and at some time, not proved, after November 28, 1924, the commissioner abated said additional a,ssessment and made a refund to plaintiff of $4,611.65, with interest. On December 27, 1924, the executrix, through her agent, filed a claim for refund of $25,523.36, with interest.
The defendant in its brief recited:
“ The United States concedes that W. O. Aldridge overstated his income in his 1918 return in the amount of $44,589.60 and overpaid his income tax for said year to the extent of $25,523.36, and that after refunding $4,611.65, with interest, there remained a net overpayment of $20,911.71.”
The questions involved are stated in defendant’s brief as follows:
“ I. Can an executrix in the State of Mississippi execute a valid agreement waiving the statute of limitations running against the assessment of a Federal income tax ?
*430 “ II. If the execution by claimant of the instrument dated February 11,1924, was valid, is this instrument such a waiver as is contemplated by section 281 of the revenue act of 1924 ?
“ III. If the claim for refund filed December 21, 1924, is barred by the statute of limitations, are the claims for refund filed on February 9, 1924, and March 28, 1924, ¡sufficient to. support the refund now demanded? ”
Let us first consider the question of the validity of the waiver. The objection interposed to its validity is that the courts of Mississippi have held that a personal representative could not waive the statute of limitations as to a debt asserted against an estate, and certain decisions of the supreme court of the State of Mississippi are relied upon in support of this.
There was no statute of the State of Mississippi at the time on the subject. The opinions of the court are not harmonious but conflicting. But, aside from this, we know of no case where it has been held or even contended that a decision of a State court can nullify, modify, limit, or obstruct a right granted by an act of Congress within its constitutional power. The tax system of the United States is regulated by the Federal statutes and practice and is not controlled by State .enactments. United States v. Snyder, 149 U. S. 210, 215. Congress having undertaken to regulate the whole subject, its legislation is necessarily exclusive. Arnson v. Murphy, 109 U. S. 238, 243.
This is not the ordinary case of waiver of a debt asserted against an estate. The act of Congress was intended for the accommodation of both the Government and the taxpayer. It was in the nature of an agreement to give time for further consideration of claims. The taxpayer in this case had filed a claim for a refund. The Government in reply had asserted a claim for additional tax. The period of limitation for the enforcement of the Government tax wTas about to expire. The statute provided for a waiver. The waiver was prepared by the Commissioner of Internal Iievenue, filled in by him, and sent to the plaintiff. It did not originate with the plaintiff. The commissioner sent it to plaintiff with the suggestion that in case an appeal was desired from the additional assessment the plaintiff should sign and re *431 turn it, agreeing to an extension of one year beyond the statutory period within which the additional assessment could be asserted and to avoid immediate assessment. The waiver contained the following provision:
“This waiver is in effect from the date signed by the taxpayer and will remain in effect for a period of one year after the expiration of the statutory period of limitations.”
Plaintiff signed and returned it to the commissioner, and it was accepted by him, as shown by his subsequent action in not only withdrawing the claim for additional tax but allowing the claim of plaintiff for refund.
Section .281 (e) of the revenue act of 1924, 43 Stat. 302, involved here, is as follows:
“ If the taxpayer has, within five years from. the time the return for the taxable year 1917 was due, filed a waiver of his right to have the taxes due for such taxable year determined and assessed within five years after the return was filed, or if he has, on or before June 15, 1924, filed such a waiver in respect of taxes due for the taxable year 1918, then such credit or refund relating to the taxes for the year in respect of which the waiver was filed shall' be allowed or made if claim therefor is filed either on or before April 1, 1925, or within four years from the time the tax was paid.”
As it turned out, there was no debt against the estate of plaintiff’s decedent. On the contrary, a reaudit showed, as stated, that the claim for additional tax by the Government was erroneous, and, more than that, that plaintiff was entitled to the refund she was then claiming. By filing the waiver plaintiff was enabled not only to establish her claim for refund but to convince the commissioner that the claim for additional tax was invalid.
The provision for refunding taxes illegally collected, just as the provision for laying them, is a part of an act of Congress passed in the exercise of its constitutional power under the 18th amendment to lay and collect income taxes. It had power not only to provide the method of laying and collecting taxes but the method of refunding taxes illegally collected. It had the power in prescribing that method to provide not only a statute of limitations but the right to *432 waive the limitation, and this right was given to the taxpayer. It can not be contended that the power of Congress to confer the right can be taken away by a State statute, much less by the decision of a State court. To say that the right can be granted but the privilege of exercising it can be limited or taken away by a State statute or a decision of a State court would be in effect to destroy the right and thus nullify the act of Congress. The principle here involved was established many years ago in the case of Gibbons v. Ogden, 9 Wheat. 1, and is too well known to need discussion.
We, therefore, hold that the waiver was valid and effective so far as this case is concerned.
We next come to the question as to whether the claim for refund filed December 27, 1924, was sufficient in law and not barred by the statute of limitations. The waiver was dated February 11, 1924, and was binding and effective for one year from its date. The act of Congress above quoted provides that if the waiver of the statute of limitations running against additional assessment for 1918 is filed before June 15, 1924 (and in this case it was), the claim for refund of 1918 taxes may be allowed if filed before April 1, 1925, and in this case it was filed on December 27, 1924. We conclude that the claim of December 27, 1924, was valid and not barred by the statute of limitations.
We think there is no merit in the contention that the claim here was settled by the payment of the previous claim for refund of $4,611.25. The claim .involved in this case was not known to either of the parties at that time. It did not come to plaintiff’s knowledge until November 24, 1924, when it developed from an examination of his papers and reaudit of his accounts that the plaintiff’s decedent by mistake of duplication had overpaid h,is tax in the amount of $25,523.36. Inasmuch as $4,611.65 was refunded, the plaintiff is entitled to a judgment for the difference between the two sums, or $20,911.71, with interest, as shown by the following stipulation between the parties:
“It is agreed that if the court shall find that either or both of the waivers filed February 7,1924, and February 11, 1924, respectively, * * * were valid and effective waivers and that the claim for refund filed December 27, 1924, was sufficient in law and was not barred by the statute of limita *433 tions, then judgment may be entered for the plaintiff in the sum of $20,911.71, with interest thereon as provided by law.”
Judgment should be entered for $20,911.71, with .interest, and it is so ordered.
Moss, Judge; Booth, Judge; and Campbell, Chief Justice, concur.