## DAVIS et al. v. UNITED STATES.

District Court, D. Maine, S. D. April 6, 1928.

No. 63.

Executors and administrators ⬤⟿213—Executors could waive limitations as to claim for refund for overpayment of income tax by deceased.

Executors of estate *held* to have right to waive statute of limitations relative to refund of overpayment in income tax by deceased, pursuant to statutory right granted by Congress, where in their judgment it seems proper and for the best interest of the estate to waive statute for purpose of collecting money due.

At Law. Action by Walter G. Davis and others, individually, as legatees and as executors under the will of Mary H. Davis, deceased, against the United States. Judgment for plaintiffs.

Bradley, Linnell & Jones, of Portland, Me., for plaintiffs.

Frederick R. Dyer, U. S. Atty., of Portland, Me.

PETERS, District Judge. This is an action by the plaintiffs individually as legatees of the late Mary H. Davis, and as executors of her will, to recover of the United States an overpayment in income tax for the year 1919, which overpayment is admitted to have been made, by the government officials, and the only question here is as to whether the plaintiffs have a right to collect and receive it. That right was originally questioned by the government on the ground that the executors had been discharged by the probate court in Maine under authority of which they were acting; but this contention appears no longer to be made, and has no foundation, for the reason that under the practice in Maine executors may continue after the settlement of their accounts and collect and distribute assets due the estate.

It is urged, however, on behalf of the defendant, that as in this case the plaintiffs, as executors, made no claim for the refund until after the statutory period of limitations had expired, they cannot, as a matter of law, waive the statute after the bar has become complete.

The waiver in this case was the usual one, signed by the Internal Revenue Bureau and the petitioners, and was simply taking advantage of the statutory opportunity offered in such a case to the estate to receive the money admittedly due it from the United States. Certain decisions in Maine and elsewhere are relied upon for the purpose of showing that an executor is held in Maine to have no legal authority to waive the statute of limitations after the time has expired. There is no statute in Maine to that effect, and the decisions in Maine are not very definite, and should be examined further with reference to the particular facts of each case, before I should be willing to accept them as binding here; but I feel certain that the executors here, without regard to the decisions in Maine, as to their authority to waive the statute in Maine, have a right to take advantage of the statutory right granted them by Congress, and that they cannot be interfered with if, in their judgment, it seems proper and for the best interest of the estate in their charge to waive the statute for the purpose of collecting the money due the estate. The reasoning in the case recently decided by the Court of Claims, referred to in the defendant's brief, of Aldridge, Executrix, v. United States, 64 Ct. Cl. 424, appears to me to be conclusive as well whether the waiver was before or after the statute of limitations had operated.

I therefore find that the plaintiffs here are entitled to a refund of the amount claimed, $1,714.22, with interest. Judgment should be entered accordingly.