## COLONIAL TRUST CO. v. UNITED STATES.
### No. K–194.

Court of Claims.
Jan. 18, 1932.

Howe P. Cochran, of Washington, D. C. (William N. Wood, of Washington, D. C., on the brief), for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Lester L. Gibson, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This suit is begun to recover two payments of taxes, one of $162,658.17 upon taxes for the year 1917, and the other of $20,574.05 upon taxes for the year 1918, both sums being alleged to have been collected after the expiration of the period of limitations. In defense it is alleged on behalf of the government that any claims for refund on which the suit can properly be based were not filed within the time required by law, and that so far as the taxes for 1917 are concerned a waiver had been filed by the plaintiff, as executor of the estate of Glenn T. Braden, extending the period for assessment and collection of the tax of that year beyond the period prescribed by the statute of limitations, and also that the five-year period for assessment and collection of the additional tax for 1918 had not expired when the collection was made.

The defense last above stated will be first taken up. This defense depends on a mixed question of fact and law as to the time when payment was made for the 1918 taxes to the collector of internal revenue. It appears that the check which was given in payment for the taxes of 1918 was delivered to and received by the collector of internal revenue on May 17, 1924, but was not deposited in the bank and credited on the collector's list until the 19th of the same month. We have held that under the Treasury Regulations the time of the actual receipt of the check by the collector is the date of payment thereof within the meaning of the law applicable in such cases. See Second National Bank of Saginaw v. United States, 39 F.(2d) 759, 42 F.(2d) 44, 69 Ct. Cl. 552, and Altman & Co. v. United States, 40 F.(2d) 781, 69 Ct. Cl. 721. The return of the taxpayer was filed on May 17, 1919. Under the holding in Burnet v. Willingham Loan & Trust Co., 282 U. S. 437, 51 S. Ct. 185, 75 L. Ed. 448, the date of filing the return is excluded. When the computation of the period is made in accordance with the rules laid down in the cases above cited, it is found that

the tax was not collected more than five years after the return had been filed, and consequently the collection thereof was not barred by the statute of limitations.

 Considering next the taxes for 1917, we find that the plaintiff, as executor of the estate of Glenn T. Braden, on February 11, 1924, executed a waiver extending the period for assessment and collection of the tax to March 15, 1925. The plaintiff contends that this waiver is of no force and effect, for the reason that the executor derives its authority from the laws of the state of Pennsylvania, and under the laws of that state it had no authority to file a waiver of the statute of limitations. The case of In re Estate of James L. Claghorn, 181 Pa. 600, 37 A. 918, 59 Am. St. Rep. 680, is cited as supporting this rule.

That such is the general rule in Pennsylvania may be admitted, but we do not think the decision has any application to cases of the kind now under consideration. As was said in Aldridge, Executrix, v. United States, 64 Ct. Cl. 424, a case similar to the one at bar:

"This is not the ordinary case of waiver of a debt asserted against an estate. The act of Congress was intended for the accommodation of both the Government and the taxpayer. It was in the nature of an agreement to give time for further consideration of claims."

It is urged on behalf of plaintiff that the Aldridge Case, supra, is not controlling, and on behalf of defendant that the issue is merely one of construction of the federal statute for the collection of taxes, which is not affected by state laws. Without determining the question so raised by defendant, it may be said that in the case cited, as well as in the one at bar, the situation was not such that the executor merely gave up some right and privilege which the estate possessed. In fact, the rights of the plaintiff were prescribed by the statute of the United States, and it was availing itself of a privilege in some respects. In order to obtain this privilege, the law of the United States required that it should execute a waiver. The whole proceeding was in pursuance of a comprehensive scheme provided by Congress to avoid requiring the taxpayer to make payment until his return had been fully considered by the government officials. We think the main purpose of the statutory provisions with reference to waivers was to confer a benefit upon the taxpayer, who might otherwise be compelled upon demand to immediately pay a tax that subsequently might be found not to be due. In our opinion the

waiver was valid, and the collection of this tax is not barred by the statute of limitations.

What has been said above makes it unnecessary to determine whether plaintiff had filed proper claims for refund.

The petition of plaintiff should be dismissed, and it is so ordered.