## CROMPTON & KNOWLES LOOM WORKS
### v. WHITE, Collector.
### No 2761.

Circuit Court of Appeals, First Circuit.
April 14, 1933.

As Amended on Denial of Rehearing May 23, 1933.

Howe P. Cochran, of Washington, D. C. (George A. Morin, of Boston, Mass., and C. Leo De Orsey and Frederick S. Winston, both of Washington, D. C., on the brief), for appellant.

J. Duke Smith, Sp. Asst. to U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

The plaintiff brought an action at law in the United States District Court against the defendant as collector of internal revenue to recover $16,055.57 which it had been required to pay as interest on a certain deficiency assessment. The case was tried, jury waived, before the District Judge, upon an agreed statement of facts and certain documentary evidence. The District Judge gave judgment for the defendant, and the plaintiff has appealed.

The question presented is a very narrow one. On January 14, 1925, the commissioner assessed on the plaintiff an additional income tax for the year 1921 amounting to $144,-328.41 and committed it to the defendant as collector for collection. By an oversight no interest was assessed on the deficiency. The collector, without any legal authority to do so, computed the interest, added it to the tax, and demanded payment of the entire amount. Payment of the interest was made by the plaintiff in May, 1926, within the statutory period. The statute barred further assessment or collection after July 15, 1926. On

August, 24, 1926, an assessment of interest was made in the sum previously collected.

■ The interest which the collector exacted ought under the statutes to have been assessed as part of the additional tax. There is no dispute on this point. See Kentucky Jockey Club v. Lucas (D. C.) 14 F.(2d) 539, discussing the statutes in question. The collector had, however, no right to compute the interest and add it to the tax on his own motion, nor, having done so, to enforce collection of it. The assessment, after the period of limitation, was an attempt to validate a previously unauthorized collection. As an assessment it was too late, and it has no such effect. The amount sued for was, however, the collection of a sum legally owed the government under the tax statutes. It is settled that without some special statute such payments are not recoverable.

" 'The action to recover on a claim for refund is in the nature of an action for money had and received and it is incumbent upon the claimant to show that the United States has money which belongs to him.' * * *

"An overpayment must appear before refund is authorized." McReynolds, J. Lewis v. Reynolds, 284 U. S. 281, 52 S. Ct. 145, 146, 76 L. Ed. 293.

The appellant relies on the Revenue Act of 1928, § 607 (45 Stat. 874 [26 USCA § 2607]), which reads as follows:

"Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after [the enactment of this Act]) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim."

It will be noticed that the statute says that any interest "assessed or paid" after the expiration of the period of limitation shall be considered an overpayment and shall be credited or refunded. The real question, therefore, is whether the outlawed and nugatory assessment under which no action was taken, operates to bring the payment of interest made before the period of limitation expired, within section 607, and thereby to make it recoverable.

■ Section 607, Revenue Act 1928 (26 USCA § 2607) relates to what shall be considered overpayments and credited or refunded to the taxpayer. It is to be construed, not as if it stood alone, but as part of the act in which it appears. This act contains careful provisions relating to refunds and credits, and to what may be called the adjustment of accounts between the government and the taxpayer. See sections 321 et seq., 608 et seq. (26 USCA § 2321 et seq., and § 2608 et seq.). The Revenue Act of 1928 is tied into preceding acts by the first section (26 USCA § 2001), and by various other provisions (see title 3 and title 4 [see 26 USCA § 2501 et seq., and §' 2601 et seq.]). We think there can be no doubt that section 607 speaks with reference to the usual practice under which a tax is assessed by the commissioner, and then paid by the taxpayer, and objection can be made by the taxpayer both to the assessment and to the payment. (See section 506 (26 USCA §§ 1060, 1061, 1062a.)

The present case is unusual and as far as we are aware unprecedented. As above stated, the interest should have been assessed as part of the deficiency tax (see section 292 [26 USCA § 2292]); there was in fact no overpayment, and the plaintiff had no right to recover the interest at the time when it was paid; the invalid assessment of it subsequently made, was never followed up in any way and the government received nothing under it. The plaintiff is not endeavoring to collect anything which it was compelled to pay under that assessment. It approaches absurdity to say that the mere making of an assessment on which nothing was ever collected entitled the taxpayer to a refund of the amount assessed.

■ Statutes are to be construed in a reasonable and sensible way. Fleischmann Const. Co. v. U. S., 270 U. S. 349 at page 360, 46 S. Ct. 284, 70 L. Ed: 624. There is a strong presumption that Congress does not intend absurdities. The plaintiff's contention, as was recently said by the Supreme Court with reference to certain provisions of the Bankruptcy Act (11 USCA), "ignores the practical purpose of the statute as applied to such a situation. * * * We should therefore construe the language of the Act so as to effectuate the evident purpose of the legislation, and not so narrowly as to defeat the true intent of Congress." Roberts, J., Royal Indemnity Company v. American Bond & Mortgage Company, 53 S. Ct. 551, 77 L. Ed. ——, opinion of April 10, 1933.

■ In our opinion section 607 covers all cases where an assessment and payment are made after the period of limitation has expired, or where the assessment was made be-

fore and the payment is made after the expiration of the period of limitation. This, we think, was the understanding of Congress in the matter. See Report of Finance Committee of the Senate, p. 41; Report of Ways and Means Committee to the House, p. 33. If the interest in this case had been assessed and paid, or even paid, after the period of limitation had expired, we think it would be recoverable under section 607, but being paid before and being due, it cannot be recovered. The assessment alone after the expiration of the limitation period does not bring it within section 607.

The judgment of the District Court is affirmed.