### UNITED STATES v. HEINRICH.
No. 2955.

District Court, W. D. New York.

June 22, 1933.

---

[2] No written opinion filed.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Harold B. Ehrlich, Asst. U. S. Atty., of Buffalo, N. Y., and C. M. Charest, Gen. Counsel, and Wm. B. Waldo, Special Counsel, Bureau of Internal Revenue, both of Washington, D. C., of counsel), for complainant.

John T. Walsh, of Buffalo, N. Y., for defendant.

ADLER, District Judge.

This action was brought by the United States after an adverse decision by the Board of Tax Appeals respecting a deficiency in tax in accordance with section 274 (b) of the Revenue Act of 1924 (26 USCA § 1049 note).

The decedent, Samuel G. Heinrich, made and filed his income tax return for the year 1918 on March 19, 1919, and the taxpayer died soon afterwards. The defendant filed returns as executrix for subsequent years. She was the sole beneficiary of the estate. The contention made by the taxpayer which was allowed by the Board was that a waiver signed by the executrix after the expiration of the five-year period of limitation was invalid and of no effect. The waiver is signed "Rose B. Heinrich, tax payer," but in the body of the instrument she is referred to as "Mrs. Rose B. Heinrich, Executrix, Estate of Samuel G. Heinrich, Buffalo, New York."

The defendant's contentions are summarized as follows: First, that the waiver is not signed and executed in a proper way, and that it is ineffective to charge the defendant in her official capacity; second, that defendant's action in enlarging the liabilities of the estate was ultra vires and contrary to the law of New York state applicable to executors and administrators; third, that the wording of the waiver is at variance with the allegations of the complaint, and that it is ineffective to toll the statute of limitations on the return of Samuel G. Heinrich, referring as it does specifically to a return filed by or on behalf of Mrs. Rose B. Heinrich, executrix for the year 1918; fourth, that the waiver, executed after the passage of the act of 1924, was ineffective under that act and particularly sections 278 (c) and 278 (e) (26 USCA §§ 1060 and note, and 1062 note) to restore the rights of the Commissioner to assess any tax for the year 1918.

The first three points made by the defendant will be treated together. The waiver was not executed in the most approved way, but I believe it to be effective to charge the defendant in her official capacity. Matter of Miles' Estate, 33 Misc. 147, 68 N. Y. S. 368, affirmed In re Miles' Estate, 170 N. Y. 75, 62 N. E. 1084; Virginia & West Virginia Coal Company v. Charles (D. C.) 251 F. 83; Aldridge v. United States, 64 Ct. Cl. 424; Davis v. United States (D. C.) 27 F.(2d) 630.

The fact that the defendant was the sole beneficiary of the decedent establishes her authority to bind the estate by the signing of the waiver under the authorities above cited. It appears to me clear under the wording of the waiver that it was intended to extend the time for the consideration of the tax under the return of Samuel G. Heinrich for the year 1918.

The question raised by defendant's fourth point has been answered by the Supreme Court of the United States in the decision of McDonnell v. United States (Truda v. United States, decided at the same time), 288 U. S. 420, 53 S. Ct. 410, 77 L. Ed. ——. Without going further into the facts of the case at bar, the above recent decisions apply, and this point must be determined in favor of the complainant.

An order may be entered in accordance with this opinion.