### ANDERSON et al. v. UNITED STATES.
No. 42472.

Court of Claims.
June 1, 1936.

R. C. Fulbright, of Houston, Tex., and Chase Morsey, of St. Louis, Mo. (Fulbright, Crooker & Freeman, of Houston, Tex., on the brief), for plaintiffs.

John A. Rees, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiffs contend that there were no valid waivers of the statute of limitation which extended the period to March 24, 1925, for assessment of additional income tax in respect of the income of Frank E. Anderson from 1917 and that even if there were such valid waivers the assessment made in this case was wholly invalid and of no force and effect; and as no assessment was made within any statutory period against the estate of Frank E. Anderson for 1917 the addi-

222

tional tax, which was barred when collected, should be refunded.

 If the facts and circumstances are sufficient to. show with reasonable certainty that the decedent executed a waiver prior to the one executed on December 4, 1924, we must hold that such waiver was effective, although it cannot now be located. The facts and circumstances indicate that a waiver for 1917 was executed prior to May 5, 1924, and there is no evidence to the contrary.

We are of opinion, first, that the record in this case justifies the conclusion that the limitation period for assessment of any tax due for 1917 as extended by waivers executed by Frank E. Anderson prior to his death had not expired when his executor executed a waiver for that year on February 26, 1925, and, second, that even if the period allowed for assessment of the tax had expired prior to the execution by the executor of a waiver in respect of the year 1917, such waiver was valid. In either event the assessment on March 24, 1925, pursuant to a sixty-day deficiency notice mailed March 18, 1925, was timely. No waiver of the statute of limitation prior to the waiver executed by the decedent, Frank E. Anderson, on December 4, 1924, could be found in the papers of the decedent or in the files of the Bureau of Internal Revenue, but the correspondence and deficiency notices with reference to the additional tax in respect of the income of Frank E. Anderson for 1917 which passed between the Commissioner of Internal Revenue and Frank E. Anderson, during his lifetime, and his counsel show that they proceeded on the understanding that a waiver had been executed some time prior to May 5, 1924. In his letter of May 5, 1924, the Commissioner advised Frank E. Anderson of a deficiency of $101,110.93 for 1917 and, in the same letter, referred to the fact that a waiver for 1917 had been executed. In this deficiency letter the Commissioner advised Anderson that he would be given an opportunity to file an appeal from the proposed additional assessment. Such an appeal was filed by Frank E. Anderson on May 16, 1924, but in it he made no reference to the statute of limitation, nor did he contend that assessment of the proposed deficiency was barred, although the statutory period of limitation for assessment of any additional tax for 1917 had expired on April 1, 1923, if the Com-

missioner was incorrect in stating in his letter of May 5, 1924, that a waiver for 1917 had been executed. The Commissioner in his letter of March 18, 1925 (Finding 6), and the taxpayer's representative in the telegram of March 21, 1925, on behalf of the taxpayer seem to have regarded the assessment as timely (Finding 7). These facts and circumstances and the presumption of regularity of the Commissioner's action require us to conclude that Frank E. Anderson had executed a waiver with respect to 1917 prior to May 5, 1924. Compare Trustees for Ohio & Big Sandy Coal Co. et al. v. Commissioner, 9 B.T.A. 617, 625; Id. (C.C.A.) 43 F.(2d) 782; Eclipse Lawn Mower Co. v. United States, 1 F.Supp. 768, 76 Ct.Cl. 354. Inasmuch as Frank E. Anderson died before this question arose and the first waiver for 1917 cannot be located, there is an absence of evidence as to the period for which this waiver extended the statutory period of five years after the return for 1917 was filed on April 1, 1918. However, we cannot ignore this waiver entirely merely because the effective period of the waiver cannot be positively established. From the great number of 1917 waivers which have been involved in cases before the court, we are justified under the facts and circumstances in this case in concluding that this first waiver for 1917 was effective either for a period of one year after April 1, 1923, or that it was an unlimited waiver (as was the case with most of the early 1917 waivers) and under the Commissioner's published ruling it was effective until April 1, 1924. In view of the foregoing, the waiver executed by the decedent on December 4, 1924, about which there is no controversy, extended the statute of limitation to June 1, 1925, under section 277 (b) of the Revenue Act of 1924 (43 Stat. 299). The waiver executed by Monroe D. Anderson, executor, on February 26, 1925, was therefore executed before the expiration of the statute of limitation as previously extended by the decedent. See Aldridge v. United States, 64 Ct.Cl. 424; Colonial Trust Co. v. United States, 55 F.(2d) 512, 73 Ct.Cl. 549; Davis et al. v. United States (D.C.) 27 F.(2d) 630; Dodge v. Commissioner, 13 B.T.A. 201.

 If it be assumed, however, that the waiver of December 4, 1924, was the only waiver executed by the decedent, Frank E. Anderson, and that this waiv-

er operated to extend the statute of limitation of five years only to June 1, 1924, under section 277 (b) of the Revenue Act of 1924, and that such limitation period, as so extended, had expired on February 26, 1925, when the executor executed the waiver for 1917, we are nevertheless of the opinion that such waiver by the executor was valid and that the assessment of the tax in controversy on March 24, 1925, was timely.

Plaintiffs contend that an executor or administrator is without legal authority to waive a statute of limitation after it has expired or to pay a debt barred by limitation, but we cannot agree that this is true with respect to federal taxes. The decisions of state courts with reference to the right of an executor or administrator to waive the statute of limitation or pay a debt that is barred are conflicting. The courts in some states hold that he may do so while others hold that he cannot. See §§ 906 to 912, 24 Corpus Juris 296, 299; 1 Williston on Contracts, § 194. Certain states have statutes to the effect that an executor may not waive the bar of the statute after it has fallen; there was no such statute in Oklahoma, of which state the decedent was a resident, but the state of Texas, of which Monroe D. Anderson, the executor, was a resident and citizen, and where the estate of Frank E. Anderson was administered, did have such a statute. The decisions of the courts of certain states and the statutes mentioned to the effect that an executor or administrator must plead the statute of limitation and may not waive the bar of the statute after it has fallen, extend only to the authority of such executor or administrator as a trustee of the property and funds of an estate for the benefit of creditors, heirs, and beneficiaries, and are based on the principle that it is not competent for contracting parties to impose liabilities on others without their consent; that the executor or administrator, as the representative, is not empowered to make anew or enlarge the contract of the decedent, to ratify void transactions, or to waive defenses to which he is entitled by law, and that the estate, as such, is not an entity which may contract or agree with others with respect to the interests of creditors or beneficiaries. It is generally held that those who have an interest in the property and funds of the estate may waive the statute even after the bar has fallen. An executor who is also a beneficiary may do so. United States v. Heinrich (C.C.A.) 70 F.(2d) 726. But the state rule is based on the law of contracts, the absence of a statutory provision that the statute of limitation may be waived by a written consent, and the fact that the property and funds of the decedent's estate do not belong either to the estate as a distinct entity capable of contracting or to the executor or administrator. In some jurisdictions the title to personal as well as real property vests in the heirs or beneficiaries under the will, subject to a lien of the executor or administrator for the payment of debts and to his right of possession. However, the representative, as such, takes no beneficial interest in the personalty, but takes it only for the purpose of administration and distribution, and as to any surplus remaining after the payment of debts he is a mere trustee for those beneficially entitled. For the purpose of federal taxation, however, the executor or administrator does not stand in the shoes of the decedent, and he is more than a mere trustee. Hartley, Executor, v. Commissioner, 295 U.S. 216, 218, 55 S.Ct. 756, 79 L.Ed. 1399. He is personally liable for the payment of the tax due by the decedent or the estate, R.S. § 3467, 31 U.S.C.A. § 192. The provisions of the taxing act are directed to the estate and the executor thereof, and the authority of the executor in such matters is not dependent upon the consent of the beneficiaries. His authority in respect of taxes for which the estate is liable is, so far as concerns a waiver, equal to that of any taxpayer. The provisions of the federal taxing statutes which make the estate of a deceased person a separate and distinct entity for tax purposes and provisions authorizing the execution of consents waiving the statute of limitation render the decisions of state courts, that an executor may not waive a limitation statute or pay a barred debt, and the state statutes, that he may not do so, inapplicable so far as concerns the authority of the estate and the executor with respect to federal taxes. Under the federal taxing acts an estate is a distinct taxable entity and is placed in the same class as other taxpayers, Hartley, Executor, v. Commissioner, supra, and, as the executor or administrator is the only person through whom the estate can act, we are of opinion that an executor or ad-

ministrator acting for the estate may waive the statute of limitation in respect of a tax due the government in the same manner and to the same extent as any other taxpayer. See Stange v. United States, 68 Ct.Cl. 395. We think also that the statutory provision for the execution of consents extending the limitation period was intended by Congress to apply alike to all taxpayers, whether they be individuals, corporations, associations, estates, or trusts. In Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77, 77 L.Ed. 199, which involved the effect of state laws upon Federal taxing statutes, the court said:

"Here we are concerned only with the meaning and application of a statute enacted by Congress, in the exercise of its plenary power under the Constitution, to tax income. The exertion of that power is not subject to state control. It is the will of Congress which controls, and the expression of its will in legislation, in the absence of language evidencing a different purpose, is to be interpreted so as to give a uniform application to a nation-wide scheme of taxation. See Weiss v. Wiener, 279 U.S. 333, 337, 49 S.Ct. 337, 73 L.Ed. 720; Burk-Waggoner Oil Ass'n v. Hopkins, 269 U.S. 110, 46 S.Ct. 48, 70 L.Ed. 183; United States v. Childs, 266 U.S. 304, 309, 45 S.Ct. 110, 69 L.Ed. 299. State law may control only when the federal taxing act, by express language or necessary implication, makes its own operation dependent upon state law. See Crooks v. Harrelson, 282 U.S. 55, 51 S.Ct. 49, 75 L.Ed. 156; Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; United States v. Cambridge Loan & Building Co., 278 U.S. 55, 49 S.Ct. 39, 73 L.Ed. 180; Tyler v. United States, 281 U.S. 497, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758; see Von Baumbach v. Sargent Land Co., supra, 242 U.S. 503, 519, 37 S.Ct. 201, 61 L.Ed. 460.

"But section 208 neither says nor implies that the determination of 'gain from the sale or exchange of capital assets' is to be controlled by state law. For the purpose of applying this section to the particular payments now under consideration, the act of Congress has its own criteria, irrespective of any particular characterization of the payments in the local law. See Weiss v. Wiener, supra, 279 U.S. 333, 337, 49 S.Ct. 337, 73 L.Ed. 720. The state law creates legal interests, but the federal statute determines when and how they shall be taxed. We

examine the Texas law only for the purpose of ascertaining whether the leases conform to the standard which the taxing statute prescribes for giving the favored treatment to capital gains. Thus tested, we find in the Texas leases no differences from those leases where the title to the oil and gas passes only on severance by the lessee, which are of sufficient consequence to call for any different application of section 208. The fact that title to the oil and gas is said to pass before severance, rather than after, is not such a difference." See Berg v. Commissioner, 6 B.T.A. 1287; Id., 59 App. D.C. 86, 33 F.(2d) 641.

■ The waiver of February 26, 1925, was duly executed by the executor of the estate of Frank E. Anderson and was duly approved in writing by the Commissioner. The fact that the Commissioner may not have relied upon the waiver at the time he made the assessment did not render it ineffective. Vanderlip v. United States, 79 Ct.Cl. 489, 6 F.Supp. 965, 969.

■ We cannot concur in the second contention made by plaintiffs that the additional income tax of $100,443.08 in respect of the income of Frank E. Anderson for 1917 paid April 13, 1925, by his estate by M. D. Anderson, executor, is recoverable on the ground that no legal assessment thereof has ever been made and that it is barred. In support of this contention plaintiffs insist that the Commissioner's assessment was against Frank E. Anderson, and that inasmuch as Anderson died prior to the date on which the Commissioner assessed the tax, such assessment was illegal and void and as no legal assessment has ever been made the statute of limitation has expired and the amount collected should be refunded. Under the waivers discussed above the time within which the Commissioner could assess the additional tax for 1917 was extended to December 31, 1925, and if it be assumed that the assessment on March 24, 1925, was not valid (with which we do not agree) the collection of the tax on April 13, 1925, was nevertheless timely and the amount so collected could not be recovered even if no assessment had been made. Meyersdale Fuel Co. v. United States, 44 F.(2d) 437, 70 Ct.Cl. 765, 783; Muir v. United States, 3 F.Supp. 619, 78 Ct.Cl. 150; Mahoning Investment Co. v. United States, 3 F.Supp. 622, 78 Ct.Cl. 231; Crompton & Knowles Loom

Works v. White (C.C.A.) 65 F.(2d) 132. Moreover, we are of opinion that the assessment involved in this case was not illegal or void. The contention of the plaintiffs is in effect that the Commissioner of Internal Revenue assesses the taxpayer instead of assessing the tax. The assessment contemplated by and referred to in the statute is the assessment by the Commissioner of the tax and the Commissioner's assessment list, which the Commissioner actually signs when he makes an assessment of the tax, does not contain the names of any taxpayers but contains only the amounts and the total tax as "additional assessments made by the Commissioner." The certificate appearing on this assessment list of the Commissioner is as follows: "I hereby certify that I have made inquiries, determinations, and assessments of taxes, penalties, etc., of the above classification specified in these lists, and find that the amounts of taxes, penalties, etc., stated as corrected and as specified in the supplementary pages of this list made by me are due from the individuals, firms, and corporations opposite whose names such amounts are placed, and that the amount chargeable to the collector is as above."

Attached to this assessment list of the Commissioner are separate sheets for use by the collector in keeping his record of collections, credits, and balances due on which is written the name of the person or corporation in respect of whose taxes the amount stated on the Commissioner's assessment list has been assessed. These supplementary pages for use of the collector in keeping his records and in collecting the amounts assessed are never signed by the Commissioner. It is clear, therefore, that if the amount of tax assessed by the Commissioner is correct, as was true in this case, and if the person liable for the payment of the tax pays the same to the collector, as was done by the estate of Frank E. Anderson, no recovery of the amount so assessed and paid can be had merely because the Commissioner did not enter the name of the estate or the executor in full on the supplementary sheet attached to the Commissioner's assessment list on which the tax was assessed.

Plaintiffs are not entitled to recover, and the petition must be dismissed. It is so ordered.