LILLIA L. MORRIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66790. Promulgated September 8, 1937.

*A. T. Holmes, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

#### OPINION.

SMITH: This proceeding is for the determination of the liability of the petitioner for the payment of a deficiency in income tax of $1,111.82 for 1925 assessed against Thomas Morris, deceased. On May 2, 1932, the respondent addressed a letter to Mrs. Lillia L. Morris, 1301 Main Street, La Crosse, Wisconsin, reading in material part as follows:

You are advised that the determination of the tax liability of Thomas Morris, deceased, La Crosse, Wisconsin, for the calendar year 1925 discloses a deficiency in income tax in the amount of $1,111.82, which deficiency, plus interest as provided by law, it is proposed to assess against you under the provisions of section 280 of the Revenue Act of 1926, as fiduciary of said decedent under the provisions of section 3467 of the Revised Statutes.

On March 11, 1926, Thomas Morris, of La Crosse, Wisconsin, filed an income tax return for the calendar year 1925. The tax liability on the return was $38.69. Upon audit of the return the respondent determined a deficiency against Thomas Morris of $1,111.82. He sent a notice of deficiency to Thomas Morris dated May 3, 1928, which was within the time prescribed by law. On May 19, 1928, Thomas Morris filed a petition with this Board, Docket No. 38783, for a redetermination of the deficiency. Thomas Morris died September 17, 1928, and by order of the Board entered January 12, 1929, Lillia Morris, petitioner herein, and administratrix of the estate of Thomas Morris, deceased, was substituted as petitioner. The deficiency was sustained by an opinion promulgated in that proceeding on March 31, 1931, and a decision was entered on the same date of a deficiency in income tax for 1925 in the amount of $1,111.82. The deficiency was assessed by the respondent against Thomas Morris on October 17, 1931, together with interest in the amount of $372.82. The deficiency notice of May 2, 1932, above referred to, followed. No part of the deficiency in tax assessed against Thomas Morris has been paid and there is now no property in the estate of Thomas Morris from which the tax, together with interest, can be collected.

In this proceeding the petitioner contends that she is not a transferee of the assets of the estate of Thomas Morris within the meaning of section 280 of the Revenue Act of 1926; that she is not liable as a fiduciary under section 280 of the Revenue Act of 1926, or under section 3467 of the Revised Statutes in respect of the payment of any tax due from the estate of Thomas Morris; and that the respondent erred in holding that the statute of limitations had not run against this claim.

Section 280 of the Revenue Act of 1926 provides in part as follows:

(a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

\* \* \* \* \* \* \*

(2) The liability of a fiduciary under section 3467 of the Revised Statutes in respect of the payment of any such tax from the estate of the taxpayer.

Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax.

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; * * *

Section 3466 of the Revised Statutes provides in part:

Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; * * *

Section 3467 of the Revised Statutes provides:

Every executor, administrator, or assignee, or other person, who pays any debt due by the person or estate from whom or for which he acts, before he satisfies and pays the debts due to the United States from such person or estate, shall become answerable in his own person and estate for the debts so due to the United States, or for so much thereof as may remain due and unpaid.

The petitioner administered the estate of her husband and paid the debts owed by the estate, other than that due the United States representing the deficiency in income tax for 1925. On August 14, 1931, she made a final accounting in Probate Court of La Crosse County, Wisconsin. By final judgment entered October 16, 1931, the final account was approved. By such judgment it is provided:

That there is a residue in her hands for distribution amounting to $724.00 cash and $4,000 of Liberty Bonds, $3,000 of which are pledged to the Batavian National Bank to secure a note of Paul Morris of $2,500 and of Howard Morris of $275 which notes it is believed that the principal debtors will pay, thereby releasing the pledged Liberty Bonds of $3,000.

There is clearly no merit in the petitioner's contention that the statute of limitations has run against the claim of the respondent for the deficiency in tax due from Thomas Morris, deceased, for the year 1925 in the amount of $1,111.82, together with interest as provided by law. The respondent had under section 280 of the Revenue Act of 1926 one year after the expiration of the period of limitation for assessment against the taxpayer to send notice of tax liability under section 280. The assessment against Thomas Morris on October 17, 1931, was within the period of the statute of limitations and the notice to the petitioner on May 2, 1932, was likewise within the one-year period allowed by the statute for liability under section 280.

The petitioner contends that she is not a transferee of the assets of the estate of Thomas Morris and that as a distributee of his estate she received only $241.33. It is immaterial, however, as to what amount she received from the estate of her husband as a distributee. The estate of her husband of which she took possession as administratrix was much in excess of the amount required to pay the deficiency in tax for 1925, together with interest as provided by law. She had knowledge of that tax liability by reason of the proceeding

in Docket No. 38783. Under section 3467 of the Revised Statutes she was required to pay the tax liability of her husband and under section 3466 of the Revised Statutes the claim of the United States had priority over other debts.

In *Irving Trust Co.*, 36 B. T. A. 146, we held that a trustee in bankruptcy which distributed the assets of the bankrupt without first providing for the payment of a debt due the United States is not personally liable under section 280 (a) (2) of the Revenue Act of 1926, and section 3467 of the Revised Statutes where it appears that the trustee was not chargeable with knowledge of the debt. In our opinion we said:

\* \* \* "It is only when the assignee has notice of the claim of the government that he incurs personal liability for making distribution of the estate without providing for the claim." *United States* v. *Barns*, 31 Fed. 705. The claim may be listed in the schedules of the bankrupt, notice may be given to the trustee, or the trustee may learn of the debt in some other way. If the trustee has knowledge of the debt, it matters not how that knowledge was obtained. The trustee can not disregard or ignore the debt, and if he does, his breach of duty renders him liable personally. *United States* v. *Kaplan*, 74 Fed. (2d) 664. "It is enough if the trustee be in possession of such facts as that a faithful and fair discharge of his duty would put him on inquiry." *United States* v. *Clark*, 25 Fed. Cases 447, 451. But he is not personally liable for a tax without notice which should put a reasonably prudent man upon inquiry. *Livingston* v. *Becker*, 40 Fed. (2d) 673; *United States* v. *Byges*, 286 Fed. 683. No case is cited which holds a fiduciary personally liable where he was not chargeable with knowledge of the debt due the United States.

It is immaterial that the deficiency determined by the respondent to be due from Thomas Morris was not assessed until after she had filed her final account in the Probate Court at La Crosse, Wisconsin. The determination of tax liability by the respondent, of which the petitioner had knowledge, was correct unless modified by the Board of Tax Appeals. Her failure to pay the deficiency in tax or to make any provision for the payment thereof out of the assets of the estate of her husband involves the petitioner in personal tax liability under section 3467 of the Revised Statutes.

*Judgment will be entered for the respondent.*