## UNITED STATES v. MUNROE.
### Civil Action No. 3925.

District Court, W. D. Pennsylvania.
March 18, 1946.

Benjamin H. Pester, Sp. Asst. to Atty. Gen., and Charles F. Uhl, U. S. Atty., of Pittsburgh, Pa., for plaintiff.

Robert Munroe, III, of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

The Court, after hearing and consideration, makes the following findings of fact and conclusions of law:

## Findings of Fact.

1. At all times hereinafter mentioned, the plaintiff was and now is a corporation sovereign.

2. The defendant, Eleanor B. Munroe, was the wife of the late Robert W. Patterson, and was known as Eleanor B. Patterson, until on March 31, 1931, the said Eleanor B. Patterson became the wife of Robert Munroe III, and at all times since said date she has been and now is known as Eleanor B. Munroe, residing at 6017 Kentucky Avenue, Pittsburgh, Pa.

3. On or about June 14, 1928, Robert W. Patterson, late of Pittsburgh, Pa., died testate, and thereafter Eleanor B. Patterson was duly appointed the executrix of the estate of Robert W. Patterson, deceased, and at all times since her appointment, she has been and now is the duly appointed, qualified and acting executrix of the said estate.

4. This is an action of a civil nature brought by the United States to recover taxes, and was commenced at the request of the Commissioner of Internal Revenue and by direction of the Attorney General of the United States.

5. On or about March 15, 1927, Robert W. Patterson filed an individual income tax return for the calendar year 1926, disclosing a tax due in the sum of $93.74, which said sum has been paid.

6. After the filing of said return, the Commissioner of Internal Revenue determined a deficiency income tax owing from the said Robert W. Patterson for the year 1926 in the sum of $4,562.51 and on March 10, 1930, mailed to Eleanor B. Patterson, Executrix of the Estate of Robert W. Patterson, deceased, a notice proposing assessment of the said tax.

7. On April 26, 1930, the said Eleanor B. Patterson, Executrix of said estate, filed a petition with the Board of Tax Appeals for a re-determination of said tax.

8. Upon written stipulation signed by counsel for the parties and filed on March 16, 1932, the matter of re-determination of said tax came on for hearing before the Board of Tax Appeals on March 23, 1932, whereupon the Board ordered that a deficiency income tax in the sum of $4,562.51 existed for the year 1926.

9. On May 21, 1932, the Commissioner of Internal Revenue duly assessed the tax of $4,562.51 and interest of $1,418.88 for the total sum of $5,981.39 on the May III, 1932 List, 23rd Pennsylvania District.

10. On June 20, 1932, a notice of a tax lien was duly filed in the proper office of Allegheny County, Pennsylvania, in the City of Pittsburgh.

11. On August 11, 1932, a proof of claim was filed with the executrix for the unpaid taxes and interest.

12. The following payments, totaling $875, have been made on said assessment on the dates and in the sums, to wit:

| Date. | Amount. | Date. | Amount. |
|---|---|---|---|
| 8/12/32 | $ 50.00 | 6/20/33 | $ 50.00 |
| 9/13/32 | 50.00 | 7/12/33 | 50.00 |
| 10/14/32 | 50.00 | 8/15/33 | 50.00 |
| 11/16/32 | 50.00 | 9/15/33 | 50.00 |
| 12/13/32 | 50.00 | 10/17/33 | 50.00 |
| 1/17/33 | 50.00 | 11/16/33 | 50.00 |
| 2/15/33 | 50.00 | 1/15/34 | 25.00 |
| 3/22/33 | 50.00 | 2/26/34 | 25.00 |
| 4/13/33 | 50.00 | 3/29/34 | 25.00 |
| 5/12/33 | 50.00 | | |
| | | | $375.00 |
| | $500.00 | | Total, $875. |

leaving a balance in the sum of $5,106.39 due and unpaid, together with interest thereon.

13. The defendant, Eleanor B. Munroe, is the sole devisee and legatee named in the will of Robert W. Patterson, and has possession and control over all of the property owned by the decedent at the time of his death. On March 7, 1931, under direction of the Orphans' Court of Allegheny County, all of the assets of said estate amounting to $181,816.18 were distributed and conveyed to Eleanor B. Patterson, widow of the decedent and the executrix of his estate, thereby leaving no property in the estate to pay the aforesaid taxes due the United States.

14. Eleanor B. Patterson, executrix, filed Tax Collection Waivers on the dates hereafter set forth, extending the time within which said tax, interest and other additions could be collected by distraint or by a proceeding in court as follows:

| Date of Waiver. | Time extended to |
|---|---|
| 9/20/37 | 12/31/38 |
| 9/20/38 | 12/31/39 |
| 9/13/39 | 12/31/40 |
| 10/23/40 | 12/31/41 |
| 10/21/41 | 12/31/42 |

15. On August 25, 1942, the said Eleanor B. Patterson, executrix, submitted to the Commissioner of Internal Revenue, an offer in the sum of $1,000 in compromise of the balance due on the assessment for in-

come taxes for the year 1926, above alleged, which said offer contained the following provision:

"* * * the proponent hereby expressly waives: * * *

"2. The benefit of any statute of limitations applicable to the assessment and/or collection of the liability sought to be compromised, and agrees to the suspension of the running of the statutory period of limitations on assessment and/or collection for the period during which this offer is pending and for one year thereafter."

The said offer in compromise was rejected on August 16, 1943.

16. Due demand for the payment of the aforesaid sum has been made upon Eleanor B. Patterson, as Executrix of the Estate of Robert W. Patterson, deceased, and upon Eleanor B. Munroe as the sole devisee and legatee named in the will, and the said Eleanor B. Patterson, executrix and Eleanor B. Munroe, individually, refuse to pay the said sum or any part thereof.

## Conclusions of Law.

I. The United States is entitled to judgment against Eleanor B. Munroe as executrix, and personally, in the amount of $5,136.39, together with interest from the date of assessment.

II. Defendant should pay the costs.

III. No accounting is ordered at this time because defendant made known, through her counsel at the hearing, that if the judgment was adverse to her, she would pay the same without an accounting.

## Opinion.

This is an action by the United States against Eleanor B. Munroe, formerly Eleanor B. Patterson, individually and as Executrix of the Estate of Robert W. Patterson, deceased, for the recovery of income taxes due from Robert W. Patterson for the year 1926. The facts are set forth in the foregoing findings of fact, therefore, there is no necessity for a repetition thereof in this opinion.

The defendant, Eleanor B. Munroe, formerly Eleanor B. Patterson, alleges as a defense the statute of limitations, and claims that she is not liable individually because no proceeding for the collection of the tax against her as an individual was instituted within six years after the assessment of the tax. She also alleges as a defense, that the assessment of the tax

against her, as executrix, having been made March 7, 1931 and after distribution of the property of her deceased husband to her, that the plaintiff acquired no valid lien as against the property received by her from her husband's estate.

At the trial, the defendant conceded that the United States is entitled to judgment against her as executrix but not against her as an individual.

There is no question about the validity of the tax in this case. There is no doubt that if Robert W. Patterson had lived, he would have been required to pay said tax. Defendant received all of his property under his will; therefore, all of the decedent's property became the property of the wife. Is she liable individually?

■ A distribution of all of decedent's property rendered the estate of the decedent insolvent. Under Section 3466, Revised Statutes, 31 U.S.C.A. § 191, the federal taxes owing by the estate were required to be paid first. County of Spokane, Washington, et al. v. United States, 279 U.S. 80, 49 S.Ct. 321, 73 L.Ed. 621; People of State of New York v. Maclay, et al., 288 U.S. 290, 53 S.Ct. 323, 77 L.Ed. 754; United States v. State of Texas et al., 314 U.S. 480, 62 S.Ct. 350, 86 L.Ed. 356.

■ Where taxes of the debtor are not paid, the fiduciary becomes personally liable under Section 3467, Revised Statutes, 31 U.S.C.A. § 192. An executor who has notice before making the distribution becomes personally liable. Livingston v. Becker, D.C.E.D. Mo., 40 F.2d 673; Hagg v. Commissioner of Internal Revenue, 7 Cir., 59 F.2d 516; Morris v. Commissioner, 36 B.T.A. 516.

■ The contention that defendant is not individually liable because the taxes were assessed against the estate instead of against her individually is untenable. United States v. First Huntington Nat. Bank, D.C.S.D.W.Va., 34 F.Supp. 578, affirmed, 4 Cir., 117 F.2d 376; Anderson et al. v. United States, 15 F.Supp. 216, 83 Ct.Cl. 561, certiorari denied, 300 U.S. 675, 57 S.Ct. 668, 81 L.Ed. 880. See United States v. Updike et al., 281 U.S. 489, 50 S.Ct. 367, 74 L.Ed. 984.

■ The waivers filed by the executrix had the effect of suspending the running of the statute of limitations as to the collection of taxes assessed, the same as if the waivers had been signed by the tax-

payer. Northern Anthracite Coal Co. v. Commissioner, 21 B.T.A. 1116.

The period of limitations applicable to an action against a transferee is six years from the date of the assessment against the taxpayer, and a separate assessment against the transferee is not necessary. Signal Oil & Gas Co. v. United States, 9 Cir., 125 F.2d 476; Leighton et al. v. United States, 9 Cir., 61 F.2d 530, affirmed, 289 U.S. 506, 53 S.Ct. 719, 77 L.Ed. 1350. See Phillips et al., Executors v. Commissioner of Internal Revenue, 283 U.S. 589, 594, 51 S.Ct. 608, 75 L.Ed. 1289.

The property of the estate distributed to defendant, amounting to $181,816.18, is liable for the taxes because the United States has a lien on the property for the full amount of the taxes under Section 3670, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code. § 3670. The defendant, individually, holds said property in trust for the United States. Neustadter et al. v. United States, 9 Cir., 90 F.2d 34.

I conclude that the defendant, having received all of the property, is liable as executrix, legatee, devisee and individually.

Let an order for judgment be prepared and submitted in accordance with the foregoing findings of fact, conclusions of law and this opinion.